# PEDRO ANTONIO ABILA *v.* ROBERT BURNETT.

SALE OF REAL PROPERTY BELONGING TO ESTATE TO PAY EXPENSES OF ADMINISTRATION.—An order for the sale of real property, upon the petition of an executor, to meet the expenses of administration, may be made without a final adjudication of his account for such expenses. It is only necessary that the executor's petition for such order should show a legal necessity for a sale in the mode prescribed by the one hundred and fifty-fifth section of the Probate Act; and the only legal effect of an order of the Probate Court allowing such account upon such hearing, where no notice was given to all the parties in interest that such account would then be presented for allowance, is that the Court thereby ascertains that the legal necessity for a sale exists.

DISTRIBUTION OF ESTATES.—An order of the Probate Court, made without notice to all parties interested in the estate, awarding to the surviving widow a certain portion of the personal estate, when the debts chargeable to the estate are not settled, is void; and this, although she be entitled to the same under specific devise in the will, for devises will not be exonerated from the payment of debts and expenses of administration, where the residue of the estate is found insufficient for that purpose.

IDEM.—No distribution of an estate can be had, except as provided in Chapter XI of the Probate Act.

POSSESSION OF AN ESTATE.—Where, under a void order of the Probate Court, portions of an estate passed into the hands of the surviving widow, who was also one of the executors administering on the estate, as her own, under a devise in the will if still *in esse*, such portion must be considered as constituting part of the estate in her hands as co-executrix ; and if not *in esse*, then as chargeable against her in her account with the estate.

LIABILITY OF CO–EXECUTOR.—In case administration be by more than one executor, each one is equally entitled to the possession of the estate ; and where, without the agency of one executor, the property of the estate passes into the possession of another, and becomes lost to the estate, he is not chargeable who had not the possession of the portion thus lost.

COSTS OF LITIGATION OVER WILL.—Where an executor incurs expenses in litigating a will under which he administers, he is not personally chargeable therefor, even if through the mistake of his counsel in a matter of unsettled practice at the time, they were lost, when they might probably have been collected from the contestant, but they will be allowed to him as expenses of administration.

APPEAL from the Probate Court of Los Angeles County.

Antonio Ignacio Abila died at the County of Los Angeles, on or about the 25th day of September, A. D. 1858, leaving a will, in which respondent, (Pedro Antonio Abila), Juan Abila, and Rosa Ruiz de Abila (wife of deceased) were named as executors; Juan Abila subsequently resigned his trust, and Rosa Ruiz de Abila (now deceased) and respondent became the remaining executors. Proceedings were had in the Probate Court to contest the will of deceased by Marta Abila de Padilla *et als.* Issues were framed and certified to the District Court for trial, and verdict and judgment obtained in favor of the executors. The costs of Court amounted to one thousand four hundred and fifty two dollars, besides attorney's fees, upon which an appeal was taken to the Supreme Court, and the verdict and judgment were sustained, and execution issued out of the Probate Court for the above sum of costs against the contestants of the will, from which another appeal was taken to the Supreme Court, when it transpired that the bill of costs had not been certified to the Probate Court within the statutory time, and judgment for costs was reversed. These costs, together with attorney's fees, amounted to .the sum of two thousand four

hundred and fifty dollars, making an aggregate of the sum of three thousand nine hundred and two dollars.

In answer to the petition mentioned in the opinion of the Court, sundry parties interested appeared, and amongst others Robert Burnett, the appellant, who then and there filed his exceptions contesting said petition, in which, among other grounds of objection taken, are the following substantially:

1st. That the petition does not state facts sufficient to authorize the granting of the order prayed for.

2d. That the petition does not show that the petitioner or his co-executrix in her lifetime ever accounted for any personal property that came to their hands as executors.

3d. That the petition does not show that the personal property of the estate has been disposed of.

4th. That the papers on file in the matter and other evidence show that the petitioner or his co-executrix (lately deceased) have on hand still the personal property of deceased, or that they have converted or disposed of the said property without authority of law; and that the executors, or either of them, have not come to any settlement of accounts or otherwise accounted for said property of the estate.

5th. That the order to show cause is irregular and insufficient, the petitioner not having made any annual or other account of his administration; and it appearing that the items charged against the estate arose and accrued more than four years prior to the filing of said petition.

6th. That the appropriation or distribution to the widow of deceased of half of all the property of deceased was unauthorized, and was subject to the payment of the expenses of administration; and the executor having aided in and effected such appropriation, should be charged in his account with the value of all the personal property so appropriated.

7th. That the appraised value of the personal property set forth in the inventory (with interest thereon) measures the amount chargeable to the executor, in the absence of any approved sale, and therefore the executor should be charged

with that amount in his accounts when he comes to a settle-
ment, as also the amount of costs in the litigation of the
will, because lost to the estate by the neglect of the counsel
of the petitioner.

On the hearing, among others, the following facts were
admitted by contestants or proved by petitioner, to wit: In
the third subdivision of the will, deceased declares it to be
his " will " that " my said wife *shall receive one half of all my
property of which I may die seized,*" etc., and the inventory
disclosed that he died seized of certain real and personal
property, the latter being found to amount in value to five
thousand five hundred and ninety-five dollars and twenty-
five cents, as per appraisement, one half of which was by
order of the Court, in June, 1860, authorized to be trans-
ferred to the said widow, only the petitioner herein having
been cited, and making no opposition.    That the bill for the
Court expenses, incurred in the trial of the issues in the
District Court in contesting the will, and in the Supreme
Court, was filed by the attorneys for the executor in the
District Court within the statutory time, but was not pre-
sented by said attorneys in Probate Court within the proper
time.    That this conclusion was reached by a ruling of the
Supreme Court allowing and charging the contestants with
said costs, and in which appeal the remainder of the " Court
expenses" accrued.    In these proceedings the executor called
to his aid as able counsel as there was in the county, and
the counsel so employed mistook the practice in this respect.
Robert Burnett, contestant, appealed.

The other facts are stated in the opinion of the Court.

*Glassell & Chapman,* for Appellant.

I. Neither the petition nor proof shows any outstanding
debts against the deceased, nor allowance to his family, nor
any expenses or charges of administration that have been
allowed upon any settlement of accounts; the decree is
therefore erroneous in ordering a sale of the said real estate.

Upon principle, it would seem that some claim or indebtedness must be judicially ascertained to exist against the estate before the land of the estate should be ordered to be sold for the payment of such claim. No account has ever been filed for settlement, as required by section two hundred and twenty-eight of the Probate Act. No notice that an account had been " rendered for settlement" has been given, as required by section two hundred and thirty-three. In the absence of these requirements, the two hundred and thirty-eighth section positively declares that " the account shall not be allowed by the Court." (*Haynes* v. *Meeks*, 20 Cal. 312.)

II. The decree is also erroneous, in charging the estate with a balance for the expenses of administration, in the absence of any proper settlement of the executors' accounts with the estate.

It was extra-judicial for the Court in this proceeding to adjudge that there was a balance in favor of the executor against the estate, in the amount of four thousand nine hundred and thirty-three dollars and ten cents, or in any other sum.

III. Regarding the decree as made *regularly* in a matter of settlement of executor's accounts, yet, it appearing by the petition and proofs that one half of the personal property of the estate, appraised in the inventory at five thousand nine hundred and ninety-five dollars, had been appropriated by Dña. Rosa Ruiz, co-executrix with petitioner, and with the consent of petitioner, the decree is erroneous in not charging the petitioner with that sum in his settlement. Upon the decease of the husband, the whole of the common property must be administered upon, and consequently must bear its just proportion of the expenses of the administration. (Hitt. Dig. Art. 3,573 ; *Packard* v. *Arallanes*, 17 Cal. 536–38 ; *Beckett* v. *Selover*, 7 Cal. 238 ; *Estate of Tompkins*, 12 Cal. 122 ; Argument of Counsel, Ib.)

IV. It appearing by the proofs and findings that among the charges of administration allowed against the estate,

" the sum of four thousand two hundred and forty nine dol-
lars and twelve cents was paid by the executor more than
four years prior to the filing of the petition," or any other
petition or account for allowance of such charges, the decree
is erroneous in not rejecting the same as stale and barred
claims.

As the allowance of a claim presented against an estate of
a deceased person is, in effect, a judgment establishing its
validity, so the failure to present a claim for such allowance
is a failure to commence action to establish its validity.
There is no reason why the seventeenth section of the Act
of Limitations should not apply to this case. An executor
or administrator, so far from being allowed by the Probate
Act to withhold their claims for expenses, etc., against the
estate for four years, before filing them, are positively
enjoined to make yearly prosecution of such claims. (*Spriggs'
Estate*, 20 Cal. 121; *Haynes* v. *Meeks*, 20 Cal. 312.

*Morrison & King*, for Respondent.

It is not claimed by appellant that the action of the execu-
tor in resisting the contest of the will was without just
cause, hence the costs thereof cannot be charged to executor
personally. (Probate Act, Hittell's Gen. Laws of Cal., Art.
5,842, p. 144; *Hickox* v. *Graham*, 6 Cal. 167; *Estate of Knight*,
12 Cal. 200; *Pico* v. *De la Guerra*, 18 Cal. 422; Johnson's
cases, 102; 4 Howard's Pr. 77; 9 Howard's Pr. 350; 10
Howard's Pr. 188; 12 Howard's Pr. 301, 305; 14 Howard's
Pr. 481.)

The Statute of Limitations does not apply to this case; the
estate having been in litigation from the filing of the first
contest of the will until the present time, the settlement of
the executor was naturally and reasonably delayed. Section
two hundred and twenty-three of the Probate Act, (Hittell's
Laws of California, Art. 5,921), makes it the duty of the
Probate Judge, upon his own motion, if the executor or
administrator fail to render his accounts according to law, to
cause a citation to issue requiring him to appear and render

such account. The presumption is that the Probate Judge, knowing the special circumstances of this case, did not consider such a step necessary. (*Baker* v. *Joseph*, 16 Cal. 375; 2 Story's Equity Jurisprudence, 1,022.) It is insisted by appellant that the executor in this case should be charged with the personal property delivered to his co-executrix, Rosa Ruiz, under the order of the Court, June 21st, 1860. The will of deceased devised one half of all he might die seized to his wife, Rosa Ruiz.

The property passed over, under the will, into the hands of the widow, could under no circumstances be charged to the executor, it having been paid to the widow by order of the Court. Independent of all the circumstances that surround this case, the rule is that an administrator is not bound for assets he may have paid or distributed to next of kin, before suit commenced. The widow is compelled to refund to judgment creditor, after distribution. (15 Howard's Pr. 182.)

This is not a settlement of the final accounts of an executor, but a proceeding to sell real estate for the payment of the expenses of the administration, it appearing from the proofs and the admissions of parties that there are debts and expenses of administration unpaid, and that there is not sufficient or no personal property with which to pay the same. The order of the Court, decreeing the sale of the whole or some part of the real estate, would, under the statute, necessarily follow, the amount found being used as a guide by which to determine the amount of property to be sold; and the actual contest over the accounts of the executor, touching their justness and legality, will be made on the filing of his final account for settlement in the Probate Court.

Expenses of administration are claims against the estate, and, when unpaid, are debts and charges against the estate within the meaning and intendment of the statute; but they are contingent in their nature, and do not come at all within the rule prescribed by law for the presentation to, and the

approval by, the executor and Probate Judge, of all claims or debts owing by deceased at the time of his death. (*Pico v. De la Guerra*, 18 Cal. 422; *Estate of Knight*, 12 Cal. 200.)

By the Court, SANDERSON, J. :

This was an application to the Probate Court of Los Angeles County by an executor for an order authorizing him to sell real property belonging to the estate of his testator, for the purpose of satisfying a claim in his own favor for services and expenses as executor.   Accompanying his petition as an exhibit is what purports to be an account of his transactions, showing, if correct, an indebtedness in his favor ; but the case shows that the account had never before been presented or allowed and settled by the Court, and that no notice was given in the citation to parties in interest that said account would be considered at the time designated for the hearing of the application to sell.   At the hearing the order was granted, and the appellant claims that the order was premature for the reason above suggested.   In this we think the appellant is mistaken.   We find nothing in the statute which makes it necessary that an account of the executor's transactions should be rendered and a final adjudication be had upon it before the Court can make an order for a sale of the real estate to meet the expenses of administration.   The law of the question is found in sections one hundred and fifty-four and one hundred and fifty-five of the Probate Act, and we see nothing in them to that effect.   He is not required to show a settled account or allowance before he can sell to meet expenses.   This is put beyond cavil by the provision requiring him to estimate and set forth in his petition the expenses already incurred and what may accrue subsequently, which provision is in all respects inconsistent with the theory of the appellant.   It is only necessary that the executor should show by his petition a legal necessity for a sale in the mode prescribed in the one hundred and

fifty-fifth section of the Act in question, and if, upon investigation, it turns out that such necessity exists in fact, the Court may order a sale, on its appearing that the proper notice or citation has been given to all concerned in the proceeding. We therefore agree with counsel for the appellant that the proceedings of the Court, so far as they may purport to be, if at all, a final settlement or adjudication upon the account of the petitioner, go beyond the present purpose, and cannot, therefore, be regarded as final and conclusive upon the contestants; but while this may be so, we are unable to perceive in what respect the contestants are prejudiced. All the Court had power to do in this proceeding was to ascertain, first, whether there was a legal necessity for a sale; and second, how much land ought to be sold. The finding that the estate was indebted to the executor in a certain sum on account of expenses incurred in the course of administration must be understood merely as a definite mode of finding a legal necessity for a sale and as having no further effect.

In ascertaining the condition of the estate, with a view to the question presented by the petition, one half of the personal estate, inventoried at two thousand nine hundred and ninety-seven dollars and sixty-two cents, was deducted from the assets in the hands of the executor, as shown by the inventory, upon the ground that the property had been delivered to the widow of the testator and co-executrix of the petitioner, by virtue of an order of the Court to that effect, and, as claimed now by petitioner, pursuant to the will.

So far as that order is concerned, it must be regarded as a nullity, for no notice or citation to parties interested in the estate, except the petitioner, was given. No distribution of the estate prior to final settlement by administration can be had, except as provided in Chapter XI of the statute. No such steps were taken. The movement seems to have been made upon some theory which finds no sanction in the statute. Nor does it make any difference in the result if we

concede that the widow was entitled, as widow, to the property under the will, as a specific devise even, for even specific devises may not be exonerated from the payment of debts and expenses of administration (Secs. 180–81); but if it was a specific devise, no resort to it for that purpose could be had until the residue of the estate not so devised had been exhausted. The widow could not, therefore, take it as widow or devisee, but it must be considered as having gone into her possession as co-executrix, and, if *in esse*, as still constituting a part of the estate, and if not, as chargeable against her in her account with the estate as executrix. As executrix, she was as much entitled to the possession of the property as the petitioner, and it having gone into her possession, he is not chargeable with it. (*Hope* v. *Jones*, 24 Cal. 92.) Notwithstanding her death, the property still belongs to the estate, with its increase, and subject to administration, and the petitioner is entitled to its possession, if possession can be had. If, however, the property has become lost to the estate the petitioner is not to be held responsible for it, for he is not responsible for the acts of his co-executrix in which he may have taken no part. So far as the facts are developed by the record, he was not liable or responsible for the property up to the time of her death, for in no just sense had it ever come into his possession, and he was not bound to look after it while in the possession of his co-executrix, who had equal right with himself, and must be presumed to have been equally responsible. Being personal property, if still in existence, it must be used in the payment of expenses before resort is had to the real estate, unless it was a specific devise under the will, in which case it cannot be taken for that purpose if there is other sufficient property. (*Woodworth's Case*, 31 Cal. 595.) There is nothing, however, in the will in the nature of a specific devise. (See case last cited.) Under the will she took all she took subject to administration, that is to say, one half of what might remain after the payment of debts and expenses of administration. It follows that the Court erred in considering the personal

property delivered to the widow—being one half of the cattle belonging to the testator at the time of his death—as no longer constituting a part of the estate. They are a part of the estate, and must be sold before a resort to the land can be had, and must therefore be taken into account in determining the necessity for any sale of the latter. The Court, however, did not err in treating the costs of litigation over the will as a charge in favor of the executor. It is true that had he taken the proper course, those who contested the will, if solvent, could have been made to pay a portion of those costs; but the mistake of counsel as to a matter of practice not then settled cannot be allowed to charge the executor with such laches as to make him personally responsible.

The estate is open and unsettled, and the Statute of Limitations has no application.

It is impossible to say, from the record, what is the present condition of the property and its increase which went into the hands of the deceased executrix. When taken into account, it may be unnecessary to sell the real estate. We therefore reverse the order and remand the case for further proceedings.

Ordered accordingly.