[No. 12000.   Department Two. — August 30, 1887.]

## PHILIP A. ROACH, ADMINISTRATOR OF THE ESTATE OF THOMAS H. BLYTHE, DECEASED, PETITIONER, v. JAMES V. COFFEY, SUPERIOR JUDGE, RESPONDENT.

ESTATE OF DECEDENT — PROCEEDING TO DETERMINE HEIRSHIP — ADMINISTRATOR CANNOT LITIGATE CLAIM OF ONE HEIR AGAINST ANOTHER. — In a proceeding under section 1664 of the Code of Civil Procedure, to ascertain the rights of persons claiming to be heirs to the estate of a decedent, and to determine to whom distribution thereof should be made, the administrator of the estate, although made a formal party, has no right to litigate the claim of one alleged heir as against another, and consequently cannot propose cross-interrogatories to be annexed to a commission issued at the request of one heir to take the depositions of witnesses in support of his claim.

APPLICATION for a writ of mandate. The facts are stated in the opinion of the court.

*John A. Wright,* for Petitioner.

*E. R. Taylor,* and *Sawyer & Burnett,* for Respondent.

McFARLAND, J. — This is a petition to compel the respondent, by a writ of *mandamus,* to settle certain proposed cross-interrogatories.

During the pendency of the administration of the estate of Thomas H. Blythe, deceased, in the court of respondent, one Florence Blythe, in pursuance of section 1664 of the Code of Civil Procedure, filed her petition in said court for the purpose of ascertaining and declaring the rights of all persons to said estate, and to whom distribution thereof should be made. Notice was issued on said petition, and after the return day thereof the said Florence filed her complaint as provided in said section. In her complaint, she made a great many persons parties defendant, and among others, William Savage and David Savage, and also the petitioner herein, who was and is public administrator, and administrator of said estate. William and David Savage filed an answer to

the complaint of said Florence, denying her heirship, and averring that they and certain other persons were the true heirs; and afterwards procured a commission to issue out of the court of respondent to take the depositions of certain witnesses in England. A day was fixed for the settlement of direct and cross interrogatories before the respondent. The petitioner herein served and filed certain cross-interrogatories, and asked to have them settled and annexed to the commission; but upon motion of said William and David Savage, the respondent omitted to annex said interrogatories to said commission, upon the ground that petitioner, as administrator, was not entitled to contest the claim of the parties in said action to heirship, or distribution of said estate, and this proceeding is brought to compel respondent by *mandamus* to settle the said interrogatories of petitioner, and annex them to said commission.

We think that it is the settled law of this state that an administrator cannot represent either side of a contest between heirs, devisees, or legatees contesting for the distribution of an estate. He cannot litigate the claims of one set against the other. His duty is to preserve the estate, and distribute it as the court shall direct. It is true that petitioner was named as a formal party in the complaint filed by Florence Blythe; but the only averment in relation to him is, that he was administrator. He is not alleged to be a claimant to the estate; and there are no issues to which his interrogatories could be addressed. (*Estate of Wright*, 49 Cal. 550; *Bates v. Ryberg*, 40 Cal. 465; *Estate of Marrey*, 65 Cal. 289.)

Prayer of petitioner denied, and writ dismissed.

SHARPSTEIN, J., and THORNTON, J., concurred.

Hearing in Bank denied.