[S. F. No. 8271. Department One.—October 2, 1917.]

In the Matter of the Estate of JULIUS FRIEDMAN, Deceased.

ESTATES OF DECEASED PERSONS—PROCEEDING TO DETERMINE SUCCESSION—EMPLOYMENT OF ATTORNEYS—EXECUTOR WITHOUT AUTHORITY.— Inasmuch as it is no part of the duty of an executor to participate actively in a proceeding, under section 1664 of the Code of Civil Procedure, to ascertain and determine the succession to an estate, he has no authority to engage attorneys for either claimant to the estate, or to bind the estate in any manner to pay for services rendered in that behalf, and the court has no power to allow compensation out of the estate for services rendered in assisting one of the parties to the succession proceedings in establishing its claim, even if the executor employed the attorneys to render such service.

APPEAL from an order of the Superior Court of the City and County of San Francisco allowing attorney fees for services in probate proceeding. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

Charles W. Slack, and Lucius L. Solomons, for Appellant.

Edmund Tauszky, and Marshall B. Woodworth, for Respondents.

SHAW, J.—This is an appeal from an order of the superior court allowing to Marshall B. Woodworth and Edmund Tauszky, each respectively, the sum of five thousand dollars out of the funds of the estate of said decedent, for certain services found to have been rendered by them as attorneys.

Julius Friedman died prior to April, 1900. His will was duly admitted to probate, and the estate has been in the course of administration for many years. Edward R. Lande and I. M. Friedberg have been, during all that time, the executors of said estate. By the terms of the will the residue of the estate was given to the Hebrew Home for Aged Disabled, an eleemosynary corporation. The said disposition was for charitable purposes, and was therefore invalid as to two-thirds of the estate, with respect to the legal heirs of Friedman, if he had any. In course of time numerous sets of persons appeared and claimed to be the heirs of the estate. The Hebrew Home for Aged Disabled thereupon began a proceeding under section 1664 of the Code of Civil Procedure, to obtain a decree determining the rights of all persons to the estate and to whom the distribution thereof should be made. The several persons who claimed to be the heirs of Friedman appeared and filed their answers therein, the cause proceeded to trial, and findings and judgment were regularly made and entered, declaring that the deceased left no heirs at law entitled to his estate, and that the entire estate should be distributed to said Hebrew Home for Aged Disabled. An appeal from this judgment was taken by one set of claimants, which appeal is now pending for decision. The services for which the compensation in question was allowed were rendered during the period from May 31, 1913, to September 30, 1915. Ever since the administration of the estate began, Woodworth has been employed by the executor, Lande, as his attorney to conduct the proceedings in the administration of the estate, and Tauszky has been employed for the same purpose by the executor, Friedberg. The allowances made by the court were almost entirely for services rendered by the two attorneys, respectively, in the proceeding to determine

the succession to the estate, begun by the said Hebrew Home for Aged Disabled. It is claimed that they were rendered at the request, or at least for the benefit, of the said Hebrew Home, the successful claimant in the proceeding.

The court in probate has power to allow to the executor all necessary expenses incurred by him in the settlement of the estate, including the reasonable value of the services of attorneys employed by him to advise him in the matter, and conduct the proceedings in administration. An attorney who has rendered such services to the executor may, during the administration, apply to the court for an allowance to himself for compensation therefor, and it is the duty of the court to allow him the reasonable value of the services rendered. (Code Civ. Proc., sec. 1616.) These services may include fees for conducting the ordinary probate proceedings, and such further allowance as the court may deem just and reasonable for "extraordinary services such as sales or mortgages of real estate, contested or litigated claims against the estate, litigation in regard to the property of the estate, and such other litigation as may be necessary for the executor or administrator to prosecute or defend." (Civ. Code, sec. 1619.)

It is no part of the duty of the executor to participate actively in a proceeding under section 1664, to ascertain and determine the succession to the estate. That proceeding may be begun by any person claiming to be entitled to distribution of all or any part of such estate. All opposing claimants must be made parties to the proceeding. The executor or administrator is required to be named in the petition and process must accordingly be served upon him, but he has no interest in the question to be determined. No answer is required to be filed by him. He has no claim which he can set up in opposition to those of the rival claimants for the estate, and his name is inserted as a party solely for the purpose of giving him information of the proceeding, so that he may be advised as to the judgment therein given, and of the pendency of the proceeding itself. As far as he is concerned, it is in the nature of a notice of *lis pendens*. It follows, therefore, that he has no authority as executor to engage attorneys for either claimant to the estate, or to bind the estate in any manner to pay for services rendered in that behalf. These principles are thoroughly settled by many

decisions, among which may be named the following: *Estate of Parsons,* 65 Cal. 240, [3 Pac. 817] ; *Estate of Jessup,* 80 Cal. 625, [22 Pac. 260] ; *Estate of Healy,* 137 Cal. 477, [70 Pac. 455] ; *McCabe* v. *Healy,* 138 Cal. 89, [70 Pac. 1008] ; *Estate of Hite,* 155 Cal. 456, [101 Pac. 448]. It is unnecessary to quote from the decisions or to elaborate upon the matter further.

The necessary result is that the court has no power to allow compensation out of the estate for services rendered in assisting one of the parties to the succession proceedings in establishing its claim, even if the executors employed them to render such service. If they have any lawful claim against the successful party therefor, it will be necessary for them to establish the same by action against the party in whose behalf the services were rendered. They cannot obtain an allowance out of the property of the estate for such services. Their duty, and that of the executors also, was to stand indifferent to all claimants and not to favor one above the other. This duty does not change upon the decision in the court below in favor of one claimant, but continues until that decision becomes final.

It is claimed, and there was some evidence to show, that the attorney for said Hebrew Home requested the performance of the services for which compensation is claimed by respondents, and that as it was successful, and the services have inured to its benefit, it is estopped from taking an appeal from the allowance, and further, that if the appeal in the succession proceeding is successful, they will not be harmed, because in that event the property will go to the successful claimants, and they alone have a right to object to the allowance to these attorneys. With respect to the alleged estoppel by reason of the alleged request of the attorneys regularly employed by the Hebrew Home to conduct the proceeding, it is sufficient to say that there is no showing that that corporation ever authorized such employment, or ratified the same, even if in any event there could be an estoppel of that character. Furthermore, as above indicated, the probate court is not the proper forum in which to assert such estoppel. The Hebrew Home is entitled to have the question tried in an ordinary action. The suggestion that if the other appeal is successful, the successful claimant and not the present appellant will be the loser, is not supported by the facts. In any

event, the present appellant will be entitled to one-third of the estate, and it has not yet received that proportion thereof. Consequently, the payment of these services will diminish the entire estate, and one-third of such diminution will fall upon appellant. As the major part of the allowance is for services for which the court had no power to order payment from the estate, and we have no means of apportioning the allowance, the order must be reversed as a whole.

The order is reversed.

Sloss, J., and Lawlor, J., concurred.

Hearing in Bank denied.