[L. A. No. 5705. Department One.—December 5, 1918.]

In the Matter of the Estate of ELIZABETH ROSS, Deceased. MAGGIE G. STEINBERGER, Appellant, v. MILTON K. YOUNG, as Administrator, etc., et al., Respondents.

ESTATES OF DECEASED PERSONS—CONTEST OF ACCOUNT—RIGHT OF GRANTEE OF ESTATE.—The grantee of the property of an estate has the right to contest the account of the administrator.

ID.—LITIGATION CONCERNING RESIDUE OF ESTATE—ADMINISTRATOR NOT PARTY INTERESTED — DEFENSE OF ACTION — EXPENSE NOT CHARGEABLE TO ESTATE.—The administrator of an estate has no concern with a controversy regarding the disposition of the residue of the estate after administration by virtue of an agreement made by the deceased in her lifetime, and is therefore not entitled to defend the action at the expense of the estate.

ID.—ADVANCEMENTS TO HEIRS—ALLOWANCE.—Advances made by an administrator to an heir on account of his distributive share cannot be considered upon the hearing of an account, but are to be allowed only as a credit against the heir's distributive share upon final distribution.

ID.—SETTLEMENT OF ACCOUNT—ITEMS CONCLUDED.—The settlement of an account is not conclusive except as to such items as are included in it and actually passed upon by the probate court.

ID.—ATTORNEY'S FEES — EXTRAORDINARY SERVICES.—The court may, in the absence of a showing of abuse of discretion, make a further allowance to an attorney for extraordinary services rendered prior to a given date, even though such attorney had already received compensation "on account" of such services.

ID.—OFFICE EXPENSES.—An administrator may claim credit in his account for office expenses, such as stenographer's services, stamps, telephone calls, and the like, where the items not covered by vouchers do not exceed twenty dollars for any one item or charge, or more than five hundred dollars in all.

APPEAL from an order of the Superior Court of Los Angeles County settling the final account of an administrator of the estate of a deceased person. James C. Rives, Judge. Reversed.

The facts are stated in the opinion of the court.

J. H. Merriam, G. Harold Janeway, and Hunsaker, Britt & Edwards, for Appellant.

H. M. Barstow, for Respondents.

SLOSS. J.—This is an appeal from parts of an order settling the final account of the administrator of the estate of Elizabeth Ross, deceased. The appellant, Maggie G. Steinberger, claimed the entire estate under an oral agreement with the decedent, and had succeeded in establishing her asserted right in an action brought by her against the administrator and others. The judgment there given in her favor was affirmed by this court in May, 1917. (*Steinberger* v. *Young,* 175 Cal. 81, [165 Pac. 432].) The character of this litigation bears directly on the present appeal, but we need not elaborate it here, as it is fully described in the opinion cited.

The present appellant attacks the action of the court below in allowing certain credits to the administrator, and various items of compensation to his attorney. The administrator, respondent, makes the preliminary objection that the appellant is not an heir of the decedent or any other "person interested in the estate," and hence not entitled either to contest the account (Code Civ. Proc., secs. 1635, 1636) or to maintain an appeal from the order of settlement. Whether or not this point would be meritorious otherwise, the record shows that after the decision in *Steinberger* v. *Young, supra,* the heirs, parties defendant in that case, made conveyances purporting to transfer to the appellant the legal title to all property which Elizabeth Ross owned, or in which she had any interest, at the time of her death. Under such conveyances Mrs. Steinberger certainly had the same right to object to the administrator's account that her grantors would have had as heirs.

The items objected to are seven in number, but they may, for purposes of legal discussion, be grouped into four classes.

1. Items 1 and 2 were credits of $41.55 and $190, respectively, claimed by the administrator for expenses incurred by him in the defense of the action of *Steinberger* v. *Young.* The third item allowed H. M. Barstow, the administrator's attorney, one thousand dollars extra compensation for ser-

vices in that case in the superior court, and a like sum for services on the appeal to this court.

The objection to these items is that the action of *Steinberger* v. *Young* was one involving a controversy between Mrs. Steinberger, on the one hand, and the heirs at law of the decedent, and R. E. R. Scanlan, on the other, regarding the disposition of the residue of the estate after administration; that this was a controversy in which the administrator, as such, had no concern, and that he was not, therefore, entitled to defend the action at the expense of the estate. It is settled law in this state that the administrator or executor has no right to take a part in litigation between various parties asserting conflicting rights as heirs, and that he has no authority to engage attorneys for either claimant, or to bind the estate in any manner on that behalf. (*Roach* v. *Coffey*, 73 Cal. 281, [14 Pac. 840]; *Estate of Friedman*, 176 Cal. 226, [168 Pac. 21].) On like grounds, such administrator or executor is not a party aggrieved by a decree determining the proportions in which various claimants shall share in the residue available for distribution, and cannot appeal therefrom. (*Bates* v. *Ryberg*, 40 Cal. 463; *Jones* v. *Lamont*, 118 Cal. 499, [62 Am. St. Rep. 251, 50 Pac. 766]; *Estate of Williams*, 122 Cal. 76, [54 Pac. 386].) These considerations govern the situation before us. True, the action of *Steinberger* v. *Young* was not a contest between persons claiming to have succeeded to the estate as heirs. The plaintiff there (appellant here) asserted a right to the residue remaining after administration by virtue of an agreement made by the decedent in her lifetime. But the administrator, as such, has no greater concern in a controversy of this kind than he has in a dispute between various parties claiming to be entitled by succession. Whatever might be said if the question were a new one, we think argument is foreclosed by the decisions of this court in *Estate of Healy*, 137 Cal. 474, [70 Pac. 455], and *McCabe* v. *Healy*, 138 Cal. 81, [70 Pac. 1008]. Following the death of one Healy, and the appointment of an administrator, one Ulty McCabe had instituted an action against Healy's heirs to enforce a contract substantially similar to the one asserted by Mrs. Steinberger in her action against Young. One of the heirs sought to have the administrator removed for the reasons that he had not tried to intervene or to take a part in such action, and that the attorneys repre-

senting him as administrator were also acting as attorneys for the plaintiff, McCabe. The court held, in the first of the cases just cited, that these facts furnished no ground for removing the administrator. Referring to the action of *McCabe* v. *Healy,* the court said: "It is in effect a suit to determine a controversy between different heirs as to their respective rights of inheritance, and in such a controversy it is well settled that the administrator has no interest, but is a mere officer of the court, holding the estate as a stakeholder, to be delivered to those whom the court shall decide to be entitled thereto. . . . There was . . . no ground upon which he would have been authorized to seek to intervene . . . or justified in expending the money of the estate in defending the action against the plaintiff." The second case (138 Cal. 81, [70 Pac. 1008]), was an appeal from the judgment rendered in favor of the plaintiff in *McCabe* v. *Healy.* In ruling that the administrator was not a necessary party, the court said: "Upon sound reason it is plain he has no interest in the result of the litigation. This litigation involves solely the ownership of the residue of the estate of Matthew Healy, deceased—a matter in which the administrator has no possible interest—a question to him of indifferent concern."

These decisions are conclusive against the contention that the administrator was authorized to expend moneys of the estate in resisting the claim of Mrs. Steinberger, or that his attorney was entitled to compensation from the estate for his services in defending against her action. It is argued that Mrs. Steinberger, in instituting her action, voluntarily made the administrator a party defendant, whereas in *McCabe* v. *Healy* the administrator was not joined. But this circumstance can have no weight in the present inquiry. If, as held in the Healy cases, the administrator was in no way concerned in the determination of the controversy, the mere fact that the plaintiff brought him into the action could not authorize him to charge the estate with the burden of the expense incurred by him in litigating a controversy which affected the heirs alone.

2. The administrator was allowed credit for $590 for cash advanced by him to Anna M. Scanlan. Mrs. Scanlan was a sister of the decedent, and was, at the time the advances were made, coadministratrix of the estate. Whether the money was received by Mrs. Scanlan as an advance against her sup-

posed interest as heir, or on account of her commissions as administratrix, the item was not properly allowed. Advances made by an administrator to an heir on account of his distributive share cannot be considered upon the hearing of an account, but are to be allowed only as a credit against the heir's distributive share upon final distribution. (*Abila* v. *Burnett,* 33 Cal. 658; *Estate of Willey,* 140 Cal. 238, [73 Pac. 998].) In making payments in anticipation of the decree of distribution, the administrator acts at his peril, and if, as in this case, it turns out upon distribution that the payee is not entitled to receive any part of the residue, the administrator must look for reimbursement to the person to whom the payment has been made. Nor can the administrator support the credit as a payment to Mrs. Scanlan on account of her commissions as administratrix. In that view, the amount would have to be deducted from the allowance to Mr. Young, since the statutory commissions can be allowed but once, and must be divided between the administrators if there be more than one. (Code Civ. Proc., sec. 1618.) Full commissions were allowed Mr. Young in the order under review, and if the $590 item stands, there will have been an over-payment of commissions to this extent.

The administrator claims that the credit for payment to Mrs. Scanlan had been approved by the court on the settlement of a prior account, and that any inquiry into this item was, therefore, precluded. But the record hardly sustains the claim. It appears that the item was included in the first account. But the court in settling that account expressly reserved "decision as to the advancements to Mrs. Scanlan." The item did not appear in any subsequent account. It is true that the second account began with a charge of the balance shown by the first account, in which the administrator had claimed credit for this item. But the second account did not on its face give any indication that the $590 was an item of that account, and it cannot be said that the court, by its order of settlement of the second account, adjudged the propriety of the claim of credit. The settlement of an account is not conclusive, "except as to such items as are included in it and actually passed upon by the probate court." (*Estate of Adams,* 131 Cal. 415, [63 Pac. 838].)

3. The court allowed Mr. Barstow, as attorney for the administrator, $2,750 for extraordinary services rendered prior

to July 1, 1912, in the Scanlan litigation (fully described in *Estate of Ross*, L. A. No. 5758), and one hundred dollars for services rendered prior to that date in connection with the sale of certain real property. The appellant contends that these allowances were improper, because Mr. Barstow had already received three thousand five hundred dollars as payment for all extraordinary services rendered prior to July 1, 1912. The record does not, however, show that the former allowance was in full for all services rendered before the date named. The order for the payment of three thousand five hundred dollars was made on January 31, 1913, and provided that the administrator be authorized to pay to Mr. Barstow "the sum of three thousand five hundred dollars on account of extraordinary services of said attorney to July 1, 1912." The words "on account" in this order may well have been used to indicate that the allowance was not intended to cover compensation *in full* for services to July 1, 1912. As shown by its findings, the court below so construed its former order. It is conceded that services rendered in the Scanlan litigation formed a proper subject for payment out of the estate, and it is not made to appear that the court abused its discretion in making the further allowance complained of.

4. In his account the administrator claimed credit for office expenses for a period of four and one-half years, aggregating $810. These items included stenographer's services, stamps, telephone calls, and the like, and the administrator made a flat charge of $15 per month for these items during the period in question. He testified that it was necessary to maintain an office for the estate, and to use a stenographer and telephone service in handling the property of the estate. For these purposes he employed his own office force and equipment, and the charge of $15 per month was estimated by him to be a fair and reasonable proportion of the total expense to be borne by the estate. The court evidently accepted his view, and we cannot say that the conclusion reached was not a proper one. It is objected that there were no vouchers for these charges. Section 1632 of the Code of Civil Procedure authorizes the allowance of "any item of expenditure not exceeding twenty dollars, for which no voucher is produced," if the item be supported by the administrator's uncontradicted oath to the fact of payment, specifying when, where, and to whom it was made. The claim of $810 may well be

treated as made up of a series of separate items of $15 each, and these items were, we think, sufficiently supported by the testimony of the administrator. In view of the nature of these charges and the manner in which a proportion of the total expense was allotted to the estate, there could not well be a more definite specification of "when, where, and to whom" the payments were made. But section 1632 further provides that such allowances (unsupported by vouchers) "in the whole must not exceed five hundred dollars," and the item in question must, therefore, be reduced to this aggregate sum.

The order is reversed, with directions to the court below to settle the account in accordance with the views herein expressed.

Richards, J., *pro tem.*, and Victor E. Shaw, J., *pro tem.*, concurred.

Hearing in Bank denied.

Sloss, J., Melvin, J., Wilbur, J., Richards, J., *pro tem.*, and Angellotti, C. J., concurred.