In re JOHNSON'S ESTATE
BUCKINGHAM, et al, Appellants v. STORSTEEN, et al,
Respondents

(5 N. W.2d 38.)

(File No. 8479.  Opinion filed August 5, 1942.)
Rehearing Denied September 12, 1942

**George A. Bangs** and **Turner M. Rudesill,** both of Rapid City, for Appellants.

**Tom Kirby,** of Sioux Falls, and **H. F. Fellows,** of Rapid City, for Respondents.

RUDOLPH, P.J. In 1924, by order of the County Court of Pennington County, Rasmus C. Storsteen was appointed executor of the estate of Eberhart Johnson, deceased. It appears that no proper notice of the hearing of the petition for the appointment of the executor was given. However, the appointment was made and Mr. Storsteen qualified by furnishing a bond with the Western Surety Co. as surety. Thereafter he proceeded to administer the estate, with the help of Mr. C. A. Nystrom, an attorney at Rapid City, whom Mr. Storsteen had employed. In 1928 the executor left South Dakota and thereafter the affairs of the estate were handled by Mr. Nystrom, who was appointed the resident agent of the executor. In 1934 there was presented to the County Court a final report and account of the executor. After hearing, this account of the executor was approved and an order entered discharging the executor and releasing the bond. Thus the matter remained until 1940 when certain legatees named in the Johnson will appeared in County Court and requested that the order approving the final account of the executor be set aside and that they be permitted to file objections to the account. A hearing was had upon this request and an order was made setting aside the 1934 order approving the final account. The executor ap-

pealed to the Circuit Court from the order of the County Court setting aside its prior order, and the Circuit Court upon this appeal approved the action of the County Court and entered a judgment setting aside the prior order of the County Court approving the account of the executor. No appeal was taken from this action of the Circuit Court. Thereafter, the parties appeared and tried the issues presented by the objections filed to the account. The trial court entered a judgment surcharging the executor with the sum of $974.07. The executor took no exception to this judgment and has not appealed. The appeal is taken by the objecting legatees who contend that a judgment in a much larger amount than that found by the Circuit Court should have been entered against the executor.

No one is in this court questioning the action of either the County Court or the Circuit Court setting aside the order approving the final account of the executor. The executor has not appealed and, of course, the objecting legatees have not questioned the action which was taken on their application. As we view the case it is here upon the accounting conducted in the trial court, for the purpose of determining whether the court correctly determined the liability of the executor.

■ Appellants first object to the allowance of certain specific items. These items are referred to throughout the testimony by number, and will be so designated herein. With regard to items 90, 94, and 96 it was stipulated at the trial that these should be disallowed. These items total $47.84. It is undisputed that $1.80 of item 101 was a personal bill of Mr. Nystrom, and this should be disallowed. Item 115 allowed in the sum of $24 should have been allowed for only $12 as stipulated. Item 223 in the amount of $3.85 should have been disallowed. Items 239, 241, and 242 should be disallowed as they are duplications of items previously allowed; these items total $57.42.

■ The second objection relates to the allowance of certain items which were not supported by vouchers. SDC 35.1613, formerly Sections 3375 and 3376, R. C. 1919, provides:

"In rendering his account, the executor or administrator must produce and file vouchers for all charges, debts, claims, and expenses which he has paid, which must remain in the court; and he may be examined on oath touching such payments and also touching any property and effects of the decedent and the disposition thereof. When any voucher is required for other purposes, it may be withdrawn on leaving a certified copy on file; if a voucher is lost or for other good reason cannot be produced on the settlement, the payment may be proved by the oath of any competent witness.

"On the settlement of his account he may be allowed any item of expenditure, not exceeding fifteen dollars, for which no voucher is produced, if such item be supported by his own uncontrodicted oath reduced to writing and certified by the judge as to the fact of payment, specifying when, where, and to whom it was made; but such items in the whole must not exceed three hundred dollars against any one estate, nor over ten per cent of the appraised value of any estate under three thousand dollars."

This statute means, as we conceive, that the executor or administrator may support his account as to an item not exceeding $15 for which he has no voucher "by his own uncontradicted oath reduced to writing and certified by the judge as to the fact of payment, specifying when, where, and to whom it was made." As to items exceeding $15, "the payment may be proved by the oath of any competent witness." To construe the meaning "of any competent witness", as used in this portion of the statute to include the executor or administrator, would render meaningless and ineffective that portion of the statute to which we have referred, which provides that items not exceeding $15 may be proved by the oath of the executor or administrator. We, therefore, conclude that items exceeding $15 not supported by proper voucher must be supported by the oath of a competent witness other than the executor or administrator. The purpose of the statute is clear. It established an orderly method for the proof of expenditures, and seeks to prevent loose and unsatisfactory evidence to establish these expenditures. Clearly it is for the protection of the estate

against careless, negligent, or dishonest executors or administrators. This being the purpose of the statute and the evidence disclosing that Mr. Nystrom performed all of the duties of the executor, and that Storsteen was executor in name only, we are convinced that Nystrom is not a competent witness within the meaning of the statute for the purpose of proving payments in excess of $15. This record shows without dispute that Nystrom was in complete charge of this estate, it was he who conducted its business, he wrote the checks, made payments, collected the income, and was in charge to the extent that following the time that the executor left South Dakota he deposited the estate funds in his personal account, and used these funds for his own benefit at least to the extent of $974.07. Under these circumstances, it would be contrary to the spirit, purpose and intent of the statute to hold that Mr. Nystrom was a competent witness within the meaning of that term as used. After considering the entire record we are convinced that the trial court pursued a method entirely different from that provided by the statute, as above construed, in passing upon the many different items for which credit was claimed and which were not supported by vouchers.

On the question of the allowance of credit for attorney fees, the trial court took the position that such fees were a matter of contract between the estate and the attorney and that if the attorney having been paid fails to perform his duty he is liable to the estate for breach of contract. Such is not the law in this state. In re Sachs' Estate (Bogue et al. v. Sachs et al.), 68 S. D. 18, 297 N. W. 793. Attorney fees are a matter of contract between the personal representative and the attorney. The executor is entitled to reimbursement for attorney fees only for services in the administration of his trust or in litigation for the benefit of the estate of the decedent, performed in good faith and with reasonable care and prudence. It is the duty of the court, in passing upon the administration account, to determine the reasonableness of payments for services of an attorney, and allow or reject the credit taken therefor. In view of this record we call especial attention to the requirement

that such services must be "performed in good faith and with reasonable care and prudence." Neither should the executor be entitled to credit for fees paid an attorney to perform the duties of the executor for which the executor is entitled to and receives compensation under the statutes.

██ ██ In this action the objecting legatees have proceeded against Mr. Storsteen as the executor of this estate. There is some attempt now for some purposes to convert him into an executor de son tort. We are of the view that having proceeded upon the theory that Mr. Storsteen is the executor of this estate, and respondent having accepted that theory, appellants cannot in the same proceeding contend that he is an executor de son tort, and for some purposes try to fix his liability on that basis. We find no error in the executor fees as allowed.

██ ██ We think it clear that the expenditures for the claimed benefit of one Ole Johnson were not proper credits in favor of this executor. Ole Johnson was not a legatee and had no interest in the estate. The trial court found that these expenditures were authorized by two of the beneficiaries of the estate who were entitled to receive bequests in excess of the amount spent for benefit of Ole Johnson. Such finding does not make of such expenditures a proper credit to be allowed on the executor's accounting. At the most the finding would determine that these expenditures constituted advances to the two beneficiaries. We believe the proper and applicable rule is stated in the case of In re Ross' Estate, 179 Cal. 358, 182 P. 303, 305, as follows: "Advances made by an administrator to an heir on account of his distributive share cannot be considered upon the hearing of an account, but are to be allowed only as a credit against the heir's distributive share upon final distribution. * * * In making payments in anticipation of the decree of distribution, the administrator acts at his peril, and if, as in this case, it turns out upon distribution that the payee is not entitled to receive any part of the residue, the administrator must look for reimbursement to the person to whom the payment has been made."

With regard to the executor's handling of the real estate belonging to the estate, and in failing to make collections of estate obligations, the trial court found that there was no "negligence, incompetency, dishonesty, lack of intelligence or otherwise." A careful review of the record has convinced us that this finding is not without support in the evidence. Other alleged error, we are convinced, needs no discussion.

The judgment of the trial court is reversed and the case remanded, with directions as follows: to have the judgment properly reflect the stipulation of the parties and the·undisputed evidence relating to items 90, 94, 96, 101, 115, 223, 239, 241, and 242; to reconsider, under the rule herein announced, the items for which no vouchers were presented; to reconsider the question of attorney fees under the rule announced; and to disallow the claimed credit for expenditures on behalf of Ole Johnson.

All of the Judges concur.