[No. S042636. July 31, 1995.]

Estate of DONALD R. SCOTT GOULET, Deceased.
JOHN J. FERRY, as Executor, etc., et al., Petitioners and Appellants, v.
ESTHER MONTELLO GOULET, Claimant and Respondent.

COUNSEL

Kay & Merkle, Alan J. Silver, Gibson, Dunn & Crutcher, John A. Ruskey, Gary M. Joye and Geraldine A. Wyle for Petitioners and Appellants.

Gross, Gross & Simon, Marvin Gross, Mitchell, Silbeberg & Knupp, Allan B. Cutrow, John L. Segal and Linda J. Byrne for Claimant and Respondent.

## OPINION

**WERDEGAR, J.**—Has a trustee the right to appeal an order determining that a trust beneficiary's proposed claim would not violate the trust's no

contest clause? For the following reasons, we conclude the trustee does. Accordingly, we reverse the Court of Appeal, which held to the contrary.

*Background*[1]

On August 23, 1992, Donald R. Scott Goulet (Goulet) and Esther Montello (Montello), acquaintances for many years, married in Las Vegas, Nevada. They separated the next day. At the time, Goulet was terminally ill with Acquired Immune Deficiency Syndrome.

The same day as the marriage, Goulet and Montello executed a document entitled "Premarital Agreement." The agreement provided, among other things, that the parties had separate property interests in premarital and postmarital assets and acquisitions. In addenda to the agreement executed the same day, Goulet promised to pay Montello $2,500 per month until she reached age 75, subject to cost-of-living increases. He also promised to buy her a home worth at least $500,000, lease her a new automobile, pay her and her children's health and life insurance premiums, and pay her living expenses until the home was purchased.

Six weeks after the marriage, Goulet filed a petition for nullity of marriage in Los Angeles Superior Court, alleging he had been of unsound mind. Montello defaulted, and the court rendered a judgment of nullity on the ground alleged.

While the nullity proceedings were pending, Goulet executed a will and declaration of trust. The will declared all of Goulet's property was his separate property pursuant to the provisions of the premarital agreement and transferred the entire estate to the trust. The will also stated Montello was disinherited, with Goulet "having made adequate provision for her and her children" in the trust. The will included a no contest clause, which revoked the share or interest of any beneficiary or heir who "contests this will or any of its provisions . . . ."

---

[1]This factual background statement follows that provided by the Court of Appeal in its unpublished opinion and is derived largely from respondent's "Petition For Order Determining Whether Proposed Action Constitutes Will Or Revocable Trust Contest" and attached exhibits, copies of which are included in "Appellant's Appendix in Lieu Of Clerk's Transcript." The probate court in its "Order That Proposed Action Does Not Constitute Will Or Revocable Trust Contest" found that "[a]ll facts set forth in the Petition are true and correct." We presume the court's order to be correct and indulge all intendments and presumptions to support it on matters as to which the record is silent. (*Walling* v. *Kimball* (1941) 17 Cal.2d 364, 373 [110 P.2d 58]; see also 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 268, pp. 276-277.) As the claim which is the subject of this dispute may be litigated collaterally (see Prob. Code, § 9354), we note this factual recitation is for the purposes of the present discussion only and is not intended on its own account to bind a fact finder in any subsequent or related proceeding.

The trust instrument included general and charitable dispositions of real and personal property to numerous beneficiaries. It stated Montello would receive "$75,000 provided that she does not contest the validity of this trust or Settlor's will . . . ." The trust instrument also contained a no contest clause revoking the interest of any beneficiary who "contests in any court the validity of this trust or of the Settlor's Last Will or seeks to obtain an adjudication in any proceeding in any court that this trust or any of its provisions or that such will or any of its provisions is void, or seeks otherwise to void, nullify, or set aside this trust or any of its provisions . . . ."

After rendition of the judgment of nullity, Goulet executed a codicil to the will and an amendment to the declaration of trust. The codicil recited that the marriage had been annulled. The codicil nominated Goulet's friends, Clint Burke (Burke) and John J. Ferry (Ferry), to be co-executors of the will. The trust amendment restated (with some modifications) the $75,000 disposition to Montello. It described Montello as Goulet's "former spouse." The trust amendment also named Burke and Ferry as successor trustees and added a $50,000 gift to Ferry.

Goulet died on March 28, 1993. According to counsel, in November 1993, Goulet's estate had a value of $3.5 million to $4 million. When future payments to be received under a series of contracts were included, the estate had a value of $5 million to $5.5 million.

The probate of Goulet's will is in San Francisco Superior Court. In the probate proceeding, Montello filed a petition, pursuant to Probate Code section 21320,[2] for an order determining whether her proposed filing of a creditor's claim against the estate, to enforce her purported rights under the premarital agreement, would constitute a contest within the meaning of the

---

[2]Prior to its amendment in 1994 (Stats. 1994, ch. 40, § 3), section 21320 provided, in full:

"(a) If an instrument containing a no contest clause is or has become irrevocable, a beneficiary may apply to the court for a determination whether a particular motion, petition or other act by the beneficiary would be a contest within the terms of the no contest clause.

"(b) A no contest clause is not enforceable against a beneficiary to the extent an application under subdivision (a) by the beneficiary is limited to the procedure and purpose described in subdivision (a) and does not require a determination of the merits of the motion, petition, or other act by the beneficiary.

"(c) A determination of whether Section 21306 [contest on the grounds of forgery or revocation] or 21307 [contest of provision benefiting witness or drafter] would apply in a particular case may not be made under this section."

In 1994, the Legislature inserted "including, but not limited to, creditor claims under Part 4 (commencing with section 9000) of Division 7 and Part 8 (commencing with section 19000) of Division 9," after the second occurrence of "beneficiary" in section 21320, subdivision (a). The change does not affect our analysis. Unless otherwise indicated, further statutory references are to the Probate Code.

no contest clauses of the will and trust. Ferry filed a response in opposition. The probate court issued an order declaring the proposed filing would not constitute a contest of the will or trust instrument.

Ferry purported to appeal the section 21320 order. Relying on *Smith* v. *Esslinger* (1994) 26 Cal.App.4th 579 [31 Cal.Rptr.2d 673], the Court of Appeal dismissed the appeal on the ground Ferry lacked standing. We granted review on the question whether a trustee has the right to appeal an order determining that a trust beneficiary's proposed claim would not violate the trust's no contest clause.

## Discussion

In the only published California opinion directly addressing the issue before us, the Fourth District Court of Appeal held trustees of an inter vivos trust were *not*, within the meaning of Code of Civil Procedure section 902, "aggrieved"[3] by a probate court's determination under section 21320 that a beneficiary's petition for accounting and other remedies did not constitute a contest within the meaning of the trust's no contest clause, and therefore lacked standing to appeal that determination. (*Smith* v. *Esslinger*, *supra*, 26 Cal.App.4th at p. 583; but see *Poag* v. *Winston* (1987) 195 Cal.App.3d 1161, 1165 [241 Cal.Rptr. 330].) The Court of Appeal in this case followed *Smith* v. *Esslinger*, *supra*, in concluding Ferry lacked standing to appeal the section 21320 determination on Montello's proposed claim.

The Court of Appeal in *Smith* acknowledged a trustee acting in a representative capacity has standing to appeal an order affecting the existence, modification or termination of the trust. (*Smith* v. *Esslinger*, *supra*, 26 Cal.App.4th at p. 583, citing *Estate of Bunn* (1949) 33 Cal.2d 897, 899 [206 P.2d 635]; and 9 Witkin, Cal. Procedure, *supra*, Appeal, § 146, pp. 154-155.) The court, however, further observed that "a trustee acting in a representative capacity does not have standing to appeal an order determining 'the conflicting claims of beneficiaries' or 'which beneficiaries are entitled to share in a particular fund' because a trustee has the duty to deal impartially with the beneficiaries." (26 Cal.App.4th at p. 583, quoting *Estate of Ferrall* (1948) 33 Cal.2d 202, 204 [200 P.2d 1, 6 A.L.R.2d 142].) Following a 1992 decision by a Missouri intermediate appellate court, the *Smith* court concluded application of these principles leads to the conclusion a trustee lacks standing to appeal a section 21320 determination. (*Smith* v. *Esslinger*, *supra*,

---

[3]Under Code of Civil Procedure section 902, "Any party aggrieved may appeal . . . ." "One is considered 'aggrieved' whose rights or interests are injuriously affected by the judgment." (*County of Alameda* v. *Carleson* (1971) 5 Cal.3d 730, 737 [97 Cal.Rptr. 385, 488 P.2d 953].)

26 Cal.App.4th at pp. 854-855, citing *Krause* v. *Tullo* (Mo.App. 1992) 835 S.W.2d 488, 491.)

■■■ We disagree. Considerations of law and policy lead us to conclude a trustee must be permitted to appeal an order determining a trust beneficiary's proposed claim would not violate a trust's no contest clause.[4]

When a probate court erroneously determines under section 21320 that a proposed claim by a beneficiary of a trust would not violate the trust's no contest clause, there may be no other beneficiary who is both "aggrieved" within the meaning of Code of Civil Procedure section 902 and who is financially or otherwise motivated or situated to pursue an appeal. Because appealing an erroneous section 21320 determination may be risky or expensive or both, aggrieved beneficiaries may choose not to appeal, even though they have standing to do so.

Indeed, beneficiaries of the Donald R. Scott Goulet Trust who are aggrieved by the probate court's section 21320 determination, Goulet's friend Burke and Goulet's first cousins Daniel A. Goulet, Raymond E. Goulet and

---

[4]When granting review in this matter, we directed the parties to address only the issue of a *trustee's* appeal rights following a section 21320 determination that a claim would not violate the trust's no contest clause. In dissent, Justice Kennard accurately observes that, while Ferry was named both trustee of the Goulet trust and executor of Goulet's estate, his duties as executor and as trustee are "distinct." (See dis. opn. of Kennard, J., *post*, at p. 1097, citing *Estate of Beach* (1975) 15 Cal.3d 623, 637 [125 Cal.Rptr. 570, 542 P.2d 994]; and *Goad* v. *Montgomery* (1898) 119 Cal. 552, 561 [51 P. 681].) As regards the issue before us, however, the difference between the trustee of an inter vivos trust and the personal representative of an estate is not so great as she implies. "An executor serves in a fiduciary capacity and his powers, duties and obligations are in many respects the same as those of a trustee." (*Estate of Smith* (1931) 112 Cal.App. 680, 685 [297 P. 927]; see also *Estate of McSweeny* (1954) 123 Cal.App.2d 787, 798 [268 P.2d 107].) In fact, as relevant here, the fiduciary duties of a personal representative and a trustee are in essential respects the same. Most importantly, both types of fiduciary are charged with preserving the fund entrusted to them until it is distributed to the beneficiaries. (Compare *Estate of Beach*, *supra*, 15 Cal.3d at p. 639 ["A primary duty of the executor is to take reasonable steps to preserve the assets of the estate."] with *Christensen* v. *Superior Court* (1987) 193 Cal.App.3d 139, 143 [239 Cal.Rptr. 143], quoting *Conservatorship of Pelton* (1982) 132 Cal.App.3d 496, 501 [183 Cal.Rptr. 188] [A trustee has a "general duty to maximize the trust assets consistent with safety and other relevant considerations."].) Moreover, both are charged with administering a fund in accordance with the intent of the maker of the instrument creating it. (See *Union Bank & Trust Co.* v. *McColgan* (1948) 84 Cal.App.2d 208, 213 [190 P.2d 42] ["It is, of course, the duty of the trustee to carry out the terms of the trust according to the expressed intent of the trustor."].) Accordingly, as does the dissent for its purposes (dis. opn., *post*, at pp. 1087, 1090-1094), we rely upon cases discussing the duties of personal representatives, as well as cases discussing the duties of trustees, in concluding that Ferry, as trustee, should be permitted to appeal the section 21320 determination at issue.

Susan M. Roy,[5] have not appealed. Neither Burke nor Goulet's first cousins participated in the section 21320 proceedings below. Nevertheless, as they were legally "aggrieved" by the section 21320 order, they could have become parties of record and obtained the right to appeal by moving to vacate the judgment pursuant to Code of Civil Procedure section 663. (*County of Alameda* v. *Carleson, supra,* 5 Cal.3d at p. 736.) The record does not disclose their reasons for not appealing.

Where there is no beneficiary who is both "aggrieved" within the meaning of Code of Civil Procedure section 902 and who is financially or otherwise motivated or situated to appeal an erroneous section 21320 determination, if the trustee is not permitted to appeal, the trustor's intent is left undefended. Montello argues that, even barring an appeal, Goulet's intent is adequately protected, despite an adverse section 21320 determination, because Ferry may reject Montello's claim when presented to the estate and oppose any subsequent action on it. This argument, although superficially persuasive, is flawed. The grounds on which a fiduciary may oppose an action on a rejected claim do not include all those he might, were he permitted, advance on appeal in the section 21320 context. Most importantly, a section 21320 determination that a proposed claim would not violate a no contest clause conclusively determines that issue. The doctrines of law of the case or collateral estoppel would, therefore, presumably bar Ferry from arguing in the same or subsequent litigation that the claim contravenes Goulet's intent. Thus, rejecting the claim and opposing it in subsequent litigation provides Ferry with at best an illusory substitute for the right to appeal the adverse section 21320 determination.

Montello also argues that, because the section 21320 determination in this case did not endanger the trust assets, question the trustee's rights or powers or subject the trustee to potential personal liability, the trustee is not a "party aggrieved" for the purposes of Code of Civil Procedure section 902 and therefore lacks standing to appeal. (See *Smith* v. *Esslinger, supra,* 26 Cal.App.4th at p. 584.) She further argues the section 21320 determination

---

[5]Pursuant to provisions of the trust amendment, Burke receives "two-thirds of the remaining balance of the trust estate, which shall vest in and be distributable to him, free and clear of trust, subject," among other things "to . . . bequests in favor of [Montello] and her children . . . ." As a residuary beneficiary whose share is subject to Montello's bequest, Burke is aggrieved by the probate court's section 21320 determination, both because it eliminates any likelihood Montello would have abandoned her claim to the bequest payable to her out of Burke's share in favor of pursuing her purported claim under the premarital agreement, and because it increases the possibility Montello will pursue a successful claim and thereby diminish the residue. Under the trust instrument, Goulet's first cousins receive one-third of the trust residue. As residuary beneficiaries, Goulet's first cousins are similarly aggrieved, because the section 21320 determination increases the likelihood Montello will pursue a claim and thereby diminish the residue.

not only fails to affect the trustee adversely, it actually assists him, by assuring him Montello's proposed claim will not violate the trust's no contest clause. (See *Krause* v. *Tullo, supra,* 835 S.W.2d at p. 490.)

Contrary to these arguments, we conclude the trustee in this case is, in reality, a "party aggrieved" for the purposes of Code of Civil Procedure section 902. Similar to a personal representative, the trustee owes fiduciary duties which require him to defend the trust corpus against unwarranted diminution until it is distributed to the beneficiaries. (*In re Heydenfeldt* (1897) 117 Cal. 551, 553-554 [49 P. 713]; *Estate of Beach, supra,* 15 Cal.3d at p. 637, citing numerous authorities.) " 'To say that an administrator is not aggrieved, and, therefore, has no right of appeal from a decree which he deems to be unjust, unwarranted, and detrimental to the estate which has been confided to his care, would be to deny him the performance of a plain duty devolving upon him . . . .' " (*Estate of Kessler* (1948) 32 Cal.2d 367, 370 [196 P.2d 559].) We "cannot see that it matters that a claim is made against the estate under the will, or by one who claims to be an heir, or a part of the family of the deceased, and as such entitled to an allowance. If it may diminish the estate to be finally distributed, or may make the fund from which the creditors are to be paid insufficient for that purpose, the administrator is interested, and, in the event of an adverse ruling is a party aggrieved." (*In re Heydenfeldt, supra,* 117 Cal. at p. 553.) By analogy with the foregoing, Montello's claim in this case may substantially diminish the funds to be distributed to Goulet's intended beneficiaries. The claim therefore implicates the trustee's fiduciary duty to protect the trust corpus. Insofar as Montello might ultimately articulate a claim sufficiently large to necessitate modification of Goulet's distributional scheme, the trustee's fiduciary duty to administer the trust in accord with the trust instrument (§ 16000) is also implicated.

Montello does not dispute that the trustee, in fulfilling his fiduciary duty to defend the trust, is entitled to oppose a beneficiary's section 21320 application seeking a determination that a particular action would not constitute a contest within the meaning of the trust instrument's no contest clause. We agree with Ferry that to deny the trustee the right to appeal an adverse ruling seems anomalous. If a trustee's duties to protect the trust corpus and seek to effectuate the trustor's intent are *not* implicated by court approval of a section 21320 application, it follows he should be prohibited from responding to section 21320 applications in the first instance. The inference his duties are not implicated is contrary to the statutory scheme, which requires the trustee to administer the trust in accord with the trust instrument (§ 16000) and, as discussed below (see fn. 9, *post*), requires the trustee (or personal representative) to be notified of section 21320 applications (§§ 1220, 21322). Accordingly, we reject the inference and conclude

the trustee's duties to protect the trust corpus and seek to effectuate the trustor's intent are implicated by an adverse section 21320 ruling.[6]

It may be argued there is no anomaly in the law's permitting the trustee to oppose objectionable section 21320 applications only until an authoritative order issues and thereafter requiring the trustee to acquiesce in the order. Such a rule—the argument would run—parallels that forbidding the personal representative, even though he "is specially entrusted with the duty and power to defend the rights of all beneficiaries *until* distribution" (*In re Heydenfeldt, supra,* 117 Cal. at pp. 553-554, italics added), to appeal from a final distribution order. (*Estate of Kessler, supra,* 32 Cal.2d at p. 369, and authorities cited there.) Both rules (the former at issue in this case and the latter not) arguably balance a fiduciary's obligation to defend a fund against unwarranted depletion with the obligation to remain neutral among beneficiaries' conflicting claims. Both arguably posit the issuance of an authoritative court order determining the claim is legitimately advanced as the point at which the trustee's duty of neutrality supersedes the duty zealously to defend the trust corpus.

We conclude such a comparison is flawed. The rule forbidding a personal representative to appeal a final distribution order is supported by considerations not necessarily obtaining upon the issuance of a section 21320 determination.

"After the decree [of distribution,] the administration has served its purpose, and the claims of the creditors have been protected." (*Estate of Kessler, supra,* 32 Cal.2d at p. 369.) By then, the personal representative "has administered the estate, and under the statute has called all parties interested into court by a proper notice and petition . . . ." (*In re Heydenfeldt, supra,* 117 Cal. at p. 553.) Accordingly, at that point, "[i]t is generally recognized

---

[6]In *Estate of Murphy* (1904) 145 Cal. 464, 465 [78 P. 960], three justices of this court (sitting as a department as was then constitutional) held an executrix of the estate at issue in that case had standing to appeal from a decree of partial distribution. The three justices, with little discussion, also stated their view that, as the additional question whether certain legatees had violated the will's no contest clause "does not affect the executrix in her representative capacity," she could not maintain an appeal on it. (145 Cal. at p. 467.) *Murphy* was decided many decades before enactment of the statutory scheme at issue in this case, which requires the trustee to administer the trust in accord with the trust instrument (§ 16000) and requires that the trustee (or another fiduciary) be notified of section 21320 applications (§§ 1220, 21322, subd. (a)(1)). As discussed hereafter, the statutory requirement of providing notice to the trustee or personal representative evidences the Legislature's intent that these fiduciaries be involved in litigation of such applications. While the lapse of nearly a hundred years and the enactment of a new statutory regime since *Murphy* was decided would seem amply to justify our revisiting the standing issue, we nevertheless acknowledge our holding today abrogates the earlier language.

that executors and administrators acting in their representative capacities are indifferent persons as between the real parties in interest and consequently cannot litigate the conflicting claims of heirs or legatees at the expense of the estate." (*Estate of Kessler, supra,* 32 Cal.2d at p. 369.)[7]

By contrast, a section 21320 determination may issue anytime during a probate proceeding (§ 21322), or prior to the commencement of a probate proceeding (§ 21321, subd. (b)), or even while the transferor is still living (*id.,* subds. (c) and (d)), as long as "an instrument containing a no contest clause is or has become irrevocable . . . ." (§ 21320, subd. (a).) At such times, the potential remains for a beneficiary's proposed action to imperil the trust corpus or the distributional scheme generally. It is the fiduciary's role to defend the fund and effect the intended distributional scheme. "It has accordingly been held that an executor or administrator may appeal from a decree of partial distribution, because the assets of the estate may not be sufficient to discharge the claims of creditors [citations] or because the status of the assets may be so highly uncertain that such an order may be embarrassing to the proper administration of the estate." (*Estate of Kessler, supra,* 32 Cal.2d at p. 370, citing *Estate of Murphy, supra,* 145 Cal. at p. 465; *Estate of Mitchell* (1898) 121 Cal. 391 [53 P. 810]; *Estate of Colton* (1912) 164 Cal. 1, 5 [127 P. 643].) Likewise, "[a]n executor or administrator may appeal from an order awarding a family allowance to the widow or children of the decedent, since he is an aggrieved party by virtue of his duty to protect the estate from depletion from an extravagant family allowance . . . ." (*Estate of Kessler, supra,* 32 Cal. at p. 370, citing *Estate of Snowball* (1909) 156 Cal. 235, 237 [104 P. 446]; *In re Welch* (1895) 106 Cal. 427, 429 [39 P. 805].) Permitting the trustee to appeal from an adverse section 21320 determination similarly empowers him to defend the rights of all beneficiaries until the trust corpus is distributed.

■ Further, a rule forbidding trustees to appeal section 21320 determinations, by decreasing the likelihood an erroneous determination will be corrected on appeal, would militate in some degree against the enforceability of no contest clauses. "No contest clauses are valid in California and are

---

[7]The dissent makes much of the age of the rule barring executors and administrators from appealing orders of final distribution. (See dis. opn., *post,* at pp. 1089-1092.) Of similar pedigree, however, is the recognition that "where [an order of distribution] affects the decedent's estate as a whole, apart from the conflicting interests of . . . beneficiaries," the executor or administrator may appeal from it to protect the estate. (Annot. (1967) 16 A.L.R.3d 1274, 1277 [collecting cases], fn. omitted.) We are satisfied that our balancing of these competing considerations in the section 21320 context adequately respects the principle of fiduciary impartiality while recognizing "the fiduciary duty of a trustee to defend the trust estate against attacks upon it that he deems unjust or unwarranted." (*Estate of Kessler, supra,* 32 Cal.2d at p. 371.)

favored by the public policies of discouraging litigation and giving effect to the purposes expressed by the testator." (*Burch* v. *George* (1994) 7 Cal.4th 246, 254 [27 Cal.Rptr.2d 165, 866 P.2d 92]; see also § 21303 [no contest clauses generally enforceable].) To the degree it militates against enforceability of no contest clauses, a rule forbidding a trustee to appeal from a section 21320 determination would run contrary to these public policies.

Our resolution accords with the public policy favoring enforcement of no contest clauses we recently affirmed in *Burch* v. *George*, *supra*. As noted, the policy is important because it defends the interests in effectuating testators' intentions and in minimizing litigation. (7 Cal.4th at p. 254.) Permitting the trustee to appeal will allow him to defend the trustor's plan by fully litigating on its behalf, even where no aggrieved beneficiary is willing or able to carry that burden on his or her own resources.[8] Moreover, although permitting the trustee to appeal an adverse section 21320 ruling may engender a marginal increase in the number of section 21320 appeals, the rule ultimately will tend to minimize litigation. By increasing the probability an erroneous section 21320 determination will be successfully appealed, the rule strengthens section 21320's effect of deflecting claims that, if pursued, would likely wind up being litigated.

■ Permitting trustees to appeal adverse section 21320 determinations accords with legislative intent. The statutory requirement that notice be provided the trustee or personal representative when a section 21320 application is filed (see §§ 21322 and 1220; see also fn. 9, *post*), evidences the Legislature's intent that fiduciaries be involved in litigation of such applications. The statutory scheme contains no limitation on the fiduciary's participation at the appeal stage or at any other point. If the Legislature had meant for any such limitation to exist, it presumably could have said so. Moreover, if the Legislature disagrees with our understanding of the trustee's proper role in section 21320 proceedings, there is no bar to its imposing a contrary rule. The Legislature remains free to close any gap it perceives in the statutory scheme by codifying the trustee's duties with regard to section 21320 determinations.[9]

Permitting trustees to appeal adverse section 21320 determinations will foster judicial economy. As noted, that trustees are permitted to oppose

---

[8]As respondent acknowledges, previous decisions have, on related policy grounds, embraced a rule permitting a fiduciary to appeal " 'a decree determining the relative rights of beneficiaries if some of them are unascertained or without representation . . . , or are not competent to act for themselves.' " (*Smith* v. *Esslinger*, *supra*, 26 Cal.App.4th at p. 583, citing *Estate of Ferrall*, *supra*, 33 Cal.2d 202, 205.)

[9]Under the modern statutory scheme, when a section 21320 application respecting a trust is filed during the trustor's lifetime (or, if the trustor has died, following the conclusion of any proceeding for administration of his estate), the trustee is entitled to notice of the action. (§ 21322, subd. (b)(2).) When the trustor has died and a proceeding is pending for the

objectionable section 21320 applications in the first instance is not disputed. A trustee in fulfilling this obligation predictably will expend resources and develop expertise regarding the relationship of the proposed claim and the no contest provision of the trust. So long as trustees are forbidden to appeal section 21320 determinations, however, reviewing courts will be denied the benefit of such expenditures and expertise, being limited to consideration of the presentations of any aggrieved beneficiaries who decide to appeal. Permitting trustees to appeal will make available to the judicial system on review the expertise trustees routinely develop in initial section 21320 proceedings.

 Finally, permitting the trustee in this case to appeal the section 21320 determination that Montello's claim would not violate the trust's no contest clause will not, ultimately, deprive Montello of the opportunity to advance her claim. Whether or not any appeal by the trustee is successful, Montello will retain the option in appropriate proceedings to advance and attempt to prove her claim on its merits. (§ 9354.)

### Conclusion

For the reasons given, the Court of Appeal's judgment is reversed. The matter is remanded for further proceedings consistent with this opinion.

Lucas, C. J., Arabian, J., Baxter, J., and George, J., concurred.

**KENNARD, J.,** Dissenting.—It has long been settled, not only in California but elsewhere, that a fiduciary (such as the trustee of a trust or the personal representative of a decedent's estate) administering property on behalf of multiple beneficiaries must act impartially towards all the beneficiaries and must not favor, or expend funds litigating, the interest of one beneficiary over another. The fiduciary may not take sides when a dispute arises as to the relative rights and interests of various beneficiaries, and may not work to advance or oppose the claim of any beneficiary.

For that reason, it has also long been held that, once a court has determined the shares to which various beneficiaries are entitled, a fiduciary has

---

administration of his or her estate, if the trustee (on behalf of the trust) requests special notice in the estate proceeding, he or she may be entitled to notice of any section 21320 application as a "person[] who ha[s] requested special notice in the estate proceeding pursuant to section 1250." (§§ 1220, subd. (a)(2)(B); 1250; 21322, subd. (a)(1) (incorporating § 1220); § 56 (" 'Person' means [a] . . . trust . . . .").) (The trust at issue in this case, for example, would be entitled to special notice as a devisee under the will. (§ 1250, subd. (a).)) While the statutory scheme arguably leaves a "gap" in failing expressly to require notice to the trustee where a proceeding is pending for the administration of the trustor's estate *and* the trust does not request special notice in the estate proceeding, in such instances the statutory scheme expressly requires notice to another fiduciary, the personal representative. (§§ 21322, subd. (a)(1); 1220, subd. (a)(2)(A).)

no standing to appeal that decision. Appeals are limited to the aggrieved, and a fiduciary, being indifferent to which beneficiary prevails in the dispute, is not aggrieved by the court's resolution of the dispute. It is those beneficiaries whose own interests are adversely affected by the court's decision who are aggrieved and who may appeal. Accordingly, this court has previously held that an executor may not appeal an order determining whether a beneficiary's actions are a contest within the meaning of a no contest clause because that question only presents the competing claims of various beneficiaries to share in the property administered. (*Estate of Murphy* (1904) 145 Cal. 464, 467 [78 P. 960].)

The majority in this case discards this governing principle of trust and estate law and overrules *Estate of Murphy, supra,* 145 Cal. 464. Instead, misreading both our case law and the relevant statutes, the majority holds that a trustee may appeal from a trial court's determination, under Probate Code section 21320, of whether a beneficiary's proposed action falls within the no contest clause of the trust, and may do so even when none of the other beneficiaries objects to the trial court's determination.[1]

I dissent because the majority's holding is contrary to the settled and well-reasoned rule, which the majority does not question, that a fiduciary may not appeal from an order determining the relative rights of beneficiaries to share in the property administered by the fiduciary. A section 21320 proceeding only determines whether a beneficiary will forfeit his or her share if the beneficiary takes the proposed action; as such it only affects the relative shares of various beneficiaries. The only parties aggrieved are the other beneficiaries whose shares of the trust would increase if the beneficiary in question forfeited his or her share under the no contest clause.

By permitting trustees to appeal from section 21320 determinations, thereby to oppose the interest of one beneficiary and favor the interests of the remaining beneficiaries, the majority seriously erodes the fundamental fiduciary duty of impartiality among beneficiaries. Furthermore, the majority's misreading of the cases and statutes it relies on will needlessly unsettle probate law. Finally, the majority's holding will foment needless appeals by permitting the trustee to appeal at the expense of the trust even when none of the beneficiaries object to the section 21320 determination.

I

Donald R. Scott Goulet established an inter vivos trust. Among the beneficiaries of the trust is Esther Montello. The trust contains a no contest

---

[1] All undesignated statutory references hereafter are to the Probate Code unless otherwise noted.

clause under which any beneficiary of the trust who "contests in any court the validity of this trust or of the Settlor's Last Will or seeks to obtain an adjudication in any proceeding in any court that this trust or any of its provisions or that such will or any of its provisions is void, or seeks otherwise to void, nullify, or set aside this trust or any of its provisions" will thereby forfeit his or her interest under the trust.

Goulet died. Goulet's will made his trust the devisee of his estate. John J. Ferry is successor trustee of the Goulet trust and has also been appointed executor and special administrator of Goulet's estate. Like the Goulet trust, the will also contains a no contest clause, which provides that any beneficiary under the will or lawful heir who "in any manner, directly or indirectly, contests this will or any of its provisions" forfeits any interest he or she has in the estate.

Under section 21320, a beneficiary of a written instrument containing a no contest clause "may apply to the court for a determination whether a particular motion, petition, or other act by the beneficiary . . . would be a contest within the terms of the no contest clause."[2] (§ 21320, subd. (a).)

Montello has a contractual creditor's claim against Goulet's estate. Montello applied to the trial court under section 21320 for a determination as to whether filing her claim with the estate would be a contest within the meaning of either the no contest clause of the will or the no contest clause of the trust. Ferry opposed Montello's application in his capacity as special administrator of Goulet's estate. The trial court held that Montello's proposed action was not a contest within the meaning of either no contest clause. Ferry filed a notice of appeal. Applying this court's decision in *Estate of Murphy, supra,* 145 Cal. at page 467, as well as the decision in *Smith* v. *Esslinger* (1994) 26 Cal.App.4th 579 [31 Cal.Rptr.2d 673], the Court of Appeal dismissed his appeal, finding that he did not have standing to appeal because he was not aggrieved by the trial court's order.

We granted review limited to the question of whether a trustee has the right to appeal a trial court's order under section 21320 determining that a trust beneficiary's proposed action is not a contest within the meaning of the no contest clause of the trust.

---

[2]Section 21300 defines the term "no contest clause" as follows: " 'No contest' clause means a provision in an otherwise valid instrument that, if enforced, would penalize a beneficiary if the beneficiary brings a contest." (§ 21300, subd. (b).) In turn, " 'Contest' means an attack in a proceeding on an instrument or on a provision in an instrument." (§ 21300, subd. (a).)

## II

I begin with the statutory structure authorizing appeals from a trial court's order under section 21320 determining whether a beneficiary's proposed action amounts to "a contest within the terms of the no contest clause." Title 13 of the Code of Civil Procedure, starting with section 901, governs appeals in general. Within title 13 of the Code of Civil Procedure, subdivision (a)(10) of section 904.1 provides that "[a]n appeal may be taken [¶] . . . [¶] From an order made appealable by the provisions of the Probate Code or the Family Code." Turning to the Probate Code to see what orders it makes appealable, subdivision (q) of section 7240 provides that "[a]n appeal may be taken from [an order] [¶] . . . [¶] Determining whether a specific beneficiary action constitutes a contest under Chapter 2 (commencing with Section 21320) of Part 3 of Division 11." Thus, a section 21320 order is an appealable order.

As this court noted in *Estate of Kessler* (1948) 32 Cal.2d 367, 369 [196 P.2d 559], however, determining that an order is appealable does not answer the question of *who* may appeal it. For that, we must look to another part of title 13 of the Code of Civil Procedure, section 902, which provides that "Any party aggrieved may appeal in the cases prescribed in this title." As the majority agrees, Code of Civil Procedure section 902 governs whether a trustee has standing to appeal from an order under section 21320. The issue in this case is therefore whether a trustee is aggrieved within the meaning of Code of Civil Procedure section 902 by an order under section 21320 determining that a trust beneficiary's proposed action does not amount to a contest under the no contest clause of the trust.

The law governing when a fiduciary is not aggrieved by a court order, and is therefore precluded from bringing an appeal, has been well settled for more than a century. This court has long held that a fiduciary administering property for the benefit of several beneficiaries is not aggrieved by an order determining the share of each beneficiary in the property. (*Estate of Ferrall* (1948) 33 Cal.2d 202, 204 [200 P.2d 1, 6 A.L.R.2d 142] ["the rule that trustees acting in their representative capacities cannot by an appeal litigate the conflicting claims of beneficiaries" "prohibit[s] appeals by a trustee from orders merely determining which beneficiaries are entitled to share in a particular fund"]; *Estate of Kessler, supra,* 32 Cal.2d at p. 369 ["[A]n executor or administrator is not an 'aggrieved' party entitled to appeal from a decree of distribution determining the share of each of the various claimants in the estate of a decedent."]; *Estate of Babb* (1927) 200 Cal. 252, 255 [252 P. 1039] [An executor "is not a party aggrieved by a decree of distribution determining the rights of several devisees to the estate of the

testator . . . ."]; *In re Welch* (1895) 106 Cal. 427, 429 [39 P. 805] ["[A]n executor or administrator has in general no such interest in the conflicting claims of heirs and devisees as will warrant his appeal from adjudications fixing their rights, and distributing the estate accordingly. [Citations.] [¶] The rule as declared by these cases does not admit of question."]; *Roach* v. *Coffey* (1887) 73 Cal. 281, 282 [14 P. 840]; *Bates* v. *Ryberg* (1871) 40 Cal. 463, 465-466 ["The executor, however, does not represent any of [the heirs and devisees], as against the others, and if they are satisfied with the distribution he cannot complain because some have received less than they are entitled to. He cannot litigate the claims of one set of legatees as against the others at the expense of the estate."].)

This understanding that a fiduciary is not aggrieved by an order determining the entitlement of various beneficiaries is as old as the statutory provision limiting appeals to aggrieved parties. Code of Civil Procedure section 902 is derived, with immaterial variations, from section 938 of the 1872 Code of Civil Procedure. The annotations of the 1872 Code Commissioners give, as an example of a party who is not aggrieved and may not appeal, an executor who objects to an order determining the shares to be distributed to various beneficiaries of an estate. (Code Comrs. note foll. 18 West's Ann. Code Civ. Proc. (1980 ed.) § 902, pp. 10-11.)

The nearly universal weight of authority from other states also takes this position. Other states in addition to California also limit appeals to aggrieved parties, and similarly conclude that fiduciaries are not aggrieved and may not appeal from orders determining the shares of various beneficiaries in the property being administered. (See, e.g., *First Nat. Bank of Dewitt* v. *Yancey* (1991) 36 Ark.App. 224, 225 [826 S.W.2d 287, 288] ["It is the general rule that a trustee, acting in its representative capacity, cannot by an appeal litigate the conflicting claims of beneficiaries."]; *Virden* v. *Hubbard* (1906) 37 Colo. 37 [86 P. 113]; *Dockray* v. *O'Leary* (1934) 286 Mass. 589, 591-592 [190 N.E. 798, 798-799]; *In re Fusz' Estate* (Mo. 1966) 397 S.W.2d 595 [16 A.L.R.3d 1271] [" 'The great weight of authority is to the effect that an executor or administrator as such is not aggrieved or prejudiced by a decree determining the rights of the beneficiaries, and hence may not appeal.' "]; *Bryant* v. *Thompson* (1891) 128 N.Y. 426, 435-436 [28 N.E. 522, 525]; *In re Musser's Estate* (1941) 341 Pa. 1, 9-10 [17 A.2d 411, 414]; *In re Reeves' Estate* (1934) 62 S.D. 618 [256 N.W. 113, 114]; *In re Maher's Estate* (1938) 195 Wash. 126, 130 [79 P.2d 984, 986, 117 A.L.R. 91] ["The general rule is that an administrator, as such, cannot appeal from a decree of distribution determining the persons who should receive an estate, either as heirs at law of the decedent or as distributees under a will."]; Annot. (1967) 16 A.L.R.3d 1274 [collecting cases]; Annot. (1949) 6 A.L.R.2d 147 [collecting cases];

Annot. (1938) 117 A.L.R. 99 [collecting cases]; 2A Scott & Fratcher, The Law of Trusts (4th ed. 1987) § 183, p. 560.)

The rule that a fiduciary is not aggrieved by an order determining the shares of various beneficiaries is the consequence of several aspects of a fiduciary's role in administering property on behalf of multiple beneficiaries. First, the fiduciary has a duty of impartiality towards all the beneficiaries and may not favor one over another by litigating for or against a particular beneficiary's claim. (§ 16003 ["If a trust has two or more beneficiaries, the trustee has a duty to deal impartially with them."]; *Estate of Ferrall, supra,* 33 Cal.2d at p. 204 ["Since a trustee must deal impartially with beneficiaries [citation], he should not be allowed to participate in the adjudication of their individual claims."]; *Roach v. Coffey, supra,* 73 Cal. at p. 282 ["We think that it is the settled law of this state that an administrator cannot represent either side of a contest between heirs, devisees, or legatees contesting for the distribution of an estate. He cannot litigate the claims of one set against the other."]; *First Nat. Bank of Dewitt v. Yancey, supra,* 36 Ark.App. at p. 225 [826 S.W.2d at pp. 288-289] ["The underlying basis for the rule is the trustee's duty to deal impartially with beneficiaries."].)

Second, the fiduciary's position is that of a stakeholder who holds property at the direction and under authority of the court and who is indifferent to the disposition decided on by the court. (*Estate of Ferrall, supra,* 33 Cal.2d at p. 204 ["[T]he trustee is therefore to be regarded as a mere stakeholder with no duties to perform other than to pay out funds to the various claimants as ordered by the proper court, and the beneficiaries must then protect their own rights."]; *In re Estate of Healy* (1902) 137 Cal. 474, 477 [70 P. 455] [In a "controversy between different heirs as to their respective rights of inheritance, . . . it is well settled that the administrator has no interest, but is a mere officer of the court, holding the estate as a stakeholder, to be delivered to those whom the court shall decide to be entitled thereto."]; *Virden v. Hubbard, supra,* 37 Colo. at p. 3 [86 P. at p. 113] [" 'As between those claimants, the decision may have been erroneous, but, if so, the error did not and could not affect the [executor]. He was merely a disinterested holder of the fund, the right to which was in dispute between others.' "]; Annot., *supra,* 16 A.L.R.3d at p. 1277 ["The underlying rationale for the general rule denying a right to appeal appears to be that the executor or administrator is a mere stakeholder with a duty to deliver the residue of the estate to those persons designated by the court, and not bound to litigate their conflicting claims at the expense of the estate when the conflicting parties may do so at their own expense if it is their desire."].)

Finally, when the beneficiaries whose interests are affected by the order, and who therefore are aggrieved, have acquiesced in the court's order

affecting their shares by deciding not to appeal, the fiduciary has no basis for challenging an order to which they do not object. (*Bates* v. *Ryberg, supra,* 40 Cal. at pp. 465-466; *Dockray* v. *O'Leary, supra,* 286 Mass. at pp. 591-592 [190 N.E. at pp. 798-799]; *In re Fusz' Estate, supra,* 397 S.W.2d at p. 595 [" 'The rule appears to be based on the acquiescence of the beneficiaries.' "]; *Bryant* v. *Thompson, supra,* 128 N.Y. at pp. 433-434, 435 [28 N.E. at pp. 523-525]; *In re Musser's Estate, supra,* 341 Pa. at p. 8 [17 A.2d at p. 414] ["An executor may not challenge distribution to legatees merely because he thinks the court erred in ordering it when, in fact, the distributees do not object. [Citations.] A stakeholder, ordered to pay out of funds held by him, is not aggrieved by a distribution which he considers objectionable but which is satisfactory to the distributees."]; *In re Reeves' Estate, supra,* 62 S.D. 618 [256 N.W. at p. 114].)

As a necessary corollary of this rule, this court has held that a fiduciary is not aggrieved by, and therefore cannot appeal from, an order determining whether an action by a beneficiary is a contest within the meaning of a no contest clause. (*Estate of Murphy, supra,* 145 Cal. at p. 467.) In *Estate of Murphy,* an executrix sought to appeal the question of whether two devisees under a will had contested the will and had therefore forfeited their devises under the will's no contest clause. We held that the executrix could not appeal the issue of whether the devisees had violated the no contest clause. "This is a question in which, as executrix, the appellant has no interest, and which she cannot have decided on this appeal. It does not affect the executrix in her representative capacity. It concerns only the rights of the residuary devisees. In such cases the executrix 'cannot litigate the claims of one set of legatees against the others at the expense of the estate' (*Bates* v. *Ryberg,* 40 Cal. 465), nor maintain an appeal." (*Estate of Murphy, supra,* 145 Cal. at p. 467; accord, *Smith* v. *Esslinger, supra,* 26 Cal.App.4th at pp. 584-585 [trustee is not aggrieved by and may not appeal from order under section 21320 determining that trust beneficiary's proposed action was not a contest within the meaning of the trust's no contest clause].)

In considering the same question, New York's highest court likewise concluded that an executor may not appeal the question of whether a beneficiary has violated the no contest clause of a will. (*Bryant* v. *Thompson, supra,* 128 N.Y. at pp. 432-435 [28 N.E. at pp. 523-525]; accord, *Krause* v. *Tullo* (Mo.App. 1992) 835 S.W.2d 488, 490.) In *Estate of Ferrall,* this court cited *Bryant* v. *Thompson* as an example of an order "merely determining which beneficiaries are entitled to share in a particular fund." (*Estate of Ferrall, supra,* 33 Cal.2d at p. 204.)

This court's decision in *Estate of Murphy, supra,* 145 Cal. 464, dictates the result here. An order under section 21320 determines only whether a beneficiary's proposed action amounts to "a contest within the terms of the no

contest clause" of the written instrument in question. In *Estate of Murphy*, at page 467, this court held that fiduciaries could not appeal from such orders. Thus, the trustee in this case may not appeal from the section 21320 order.

This result is an inevitable consequence of the general rule that a fiduciary may not appeal from an order determining the shares of various beneficiaries. A section 21320 order determines only whether the beneficiary in question will remain a beneficiary if he or she takes the proposed action or instead will lose his or her share of the property administered under the written instrument. As such, a section 21320 order only determines the relative allocation of the property among the beneficiaries—the share that each beneficiary under the instrument will receive. A section 21320 order does not increase or decrease the amount of property administered under the instrument. It cannot either authorize or prohibit the beneficiary from taking the proposed action; it only determines what the consequence of the proposed action will be to the beneficiary's interest in the property administered under the instrument.

*Estate of Murphy* recognized that such an order presents only the conflicting claims of beneficiaries. (*Estate of Murphy, supra,* 145 Cal. at p. 467.) Here, for example, the only effect of the trial court's section 21320 order determining that Montello's proposed action is not a contest under the terms of the no contest clause of the trust is that if Montello so acts, she will not forfeit her share under the trust and the other beneficiaries will not thereby have their shares increased. Like any other "order[] merely determining which beneficiaries are entitled to share in a particular fund" (*Estate of Ferrall, supra,* 33 Cal.2d at p. 204), an order determining whether a beneficiary has forfeited his or her share under the no contest clause of a written instrument does not aggrieve the fiduciary administering the instrument and the fiduciary therefore cannot appeal it. (*Estate of Murphy, supra,* 145 Cal. at p. 467.)

To permit a fiduciary to appeal from an order under section 21320 would be to allow the fiduciary to represent the interests of one group of beneficiaries against those of another beneficiary, precisely what a fiduciary is not permitted to do. A fiduciary's duty of impartiality among beneficiaries is fundamental. (§ 16003; *Estate of Lynn* (1952) 109 Cal.App.2d 468, 473 [240 P.2d 1001] ["The executor is the representative of *all* the legatees and devisees and its 'duty was, and doubtless now is, to stand indifferent to all claimants, and not to favor one above the other, until the decision becomes final . . . .' " (Italics original.)]; Rest.2d Trusts, § 183.) If a trustee were permitted to appeal a section 21320 order, the trustee, by choosing sides and using the trust's resources (which, as here, may be substantial) to work to

increase the amount flowing to the other beneficiaries at the expense of the beneficiary making the application, would necessarily violate this fundamental duty.[3]

Because the conclusion this court reached in *Estate of Murphy* is sound and is dictated by our other rulings on when a fiduciary is aggrieved and may bring an appeal, I would, unlike the majority, continue to adhere to it and would apply it to this case. Accordingly, I would hold that the trustee here, in his capacity as trustee, is not aggrieved by the trial court's determination under section 21320 that Montello's proposed action will not be a contest within the terms of the trust's no contest clause. The other beneficiaries of the Goulet trust whose shares would increase if Montello forfeited under the no contest clause were, of course, aggrieved parties who could have appealed the section 21320 order. None of them, however, chose to do so.[4]

### III

The majority, however, overrules *Estate of Murphy* and thereby disrupts without justification our well-developed body of law delineating when a fiduciary is aggrieved by an order for purposes of appeal. The majority claims it is justified in doing so by the passage of time since *Estate of Murphy* was decided and because in its view the statutory scheme has changed. (Maj. opn., *ante*, at p. 1082, fn. 6.) Neither point is well taken.[5]

---

[3]The majority seems to assume that trustees would necessarily appeal only from trial court orders granting section 21320 applications. Nothing in the majority's holding, however, would preclude the trustee from appealing from a ruling *denying* a section 21320 application, either alone or in concert with the beneficiary who made the application, or tells the trustee how to choose which side in the dispute to take and on which to spend the trust's resources.

[4]Because in this case the trust is a devisee under the will, the trust is presumably aggrieved to the same extent as any other devisee under the will by the trial court's determination that Montello's proposed action (her claim against the estate) is not a contest of the *will* within the meaning of the *will's* no contest clause. The trustee, as representative of the trust, could therefore appeal that order to the same extent that any other devisee could; there would seem little point in doing so, however, because the will's no contest clause only revokes the contestant's interest in the *estate*, and Montello, while a beneficiary of the trust, is not a devisee of the will and has no interest in the estate (see Prob. Code, § 34, subd. (b) [beneficiary of trust that receives devise under a will is not a devisee of the will]).

[5]The majority also dwells on the fact that *Estate of Murphy* was decided by three justices sitting in department. At the time, this court decided cases both in bank (with all seven justices participating) and in departments of three justices. If the majority means to suggest that *Estate of Murphy* should be accorded lesser precedential value because it was decided in department, the majority is wrong. As this court said in *Niles* v. *Edwards* (1892) 95 Cal. 41, 42 [30 P. 134], "[u]nder the constitution of this state, there is but one supreme court, and the jurisdiction which is vested in it may be exercised either in Bank or in Department; and in either case its exercise is of equal import."

Contrary to the majority's assertion, the passage of time ordinarily strengthens, rather than undermines, the precedential force of a decision. That is certainly the case here, where *Estate of Murphy* is but a specific application of a larger principle of the law of trusts and estates that has been consistently adhered to for over a century and that the majority does not question.

The majority also errs in concluding that the statutory scheme governing appeals by fiduciaries has changed. The requirement that the trustee must be aggrieved in order to appeal has not changed. (Code Civ. Proc., § 902.) And the requirement that the trustee act impartially towards all beneficiaries has not changed. (Prob. Code, § 16003; *Estate of Ferrall, supra,* 33 Cal.2d at p. 204; *Roach* v. *Coffey, supra,* 73 Cal. at p. 282.)

The majority points to two statutes, section 16000 and section 21322, that it contends form a new "statutory scheme" authorizing appeals by fiduciaries from section 21320 orders. (Maj. opn., *ante,* at pp. 1082, 1085 & fns. 6, 9.) Section 16000 sets forth the trustee's duty to administer the trust in accordance with the trust instrument. The majority asserts that the trustee's duty under section 16000 is a new duty that undermines *Estate of Murphy's* holding that fiduciaries may not appeal from orders determining whether a beneficiary's action is a contest within the terms of a no contest clause. Not so. It has long been the rule that trustees are bound by the trust instrument. (Civ. Code, former § 2258, subd. (a), enacted in 1872 and repealed by Stats. 1986, ch. 820, § 7, p. 2730 ["A trustee must fulfill the purpose of the trust, as declared at its creation, *and must follow all the directions of the trustor given at that time . . . ."* (Italics added.)]; *Bryson* v. *Bryson* (1923) 62 Cal.App. 170, 175 [216 P. 391].) And, as I explain further at a later point, a trustee's duty to follow the trust instrument does not authorize a trustee to appeal from a court order determining the rights of beneficiaries in order to champion a contrary view of the trust instrument that would increase the share of some beneficiaries at the expense of other beneficiaries.[6]

Nor does section 21322 support the majority's position. Section 21322, in conjunction with section 1220, sets forth the parties entitled to notice of a

---

[6]The majority, in a related argument, asserts that a trustee must be permitted to appeal even when no beneficiary objects to the trial court's section 21320 order. As I have discussed in the text above, however, this court and others have observed that when the beneficiaries have acquiesced, a fiduciary has no legitimate interest in appealing from a court order fixing the relative shares of the beneficiaries. (See, e.g., *Bates* v. *Ryberg, supra,* 40 Cal. at pp. 465-466 ["if [the beneficiaries] are satisfied with the distribution [the fiduciary] cannot complain because some have received less than they are entitled to"].) A trustee who seeks to appeal when the beneficiaries choose not to, in addition to breaching the duty of impartiality by favoring some beneficiaries over others, becomes nothing more than an officious intermeddler stirring up a matter that all of the interested parties were content to let lie.

section 21320 proceeding. Where, as here, the trust settlor is deceased and the settlor's estate is under administration at the time the section 21320 application is made, sections 21322 and 1220 provide for notice to the personal representative (a designation that includes the executor or administrator, see § 58, subd. (a)) of a decedent's estate but do not provide for notice to the trustee of any trust established by the decedent. In this case, however, because the trust is a devisee under the will, under the law applicable at the time the trustee, like any other devisee, could have made an appearance in the estate administration proceedings or filed a "request for special notice," either of which would have thereby entitled the trustee to notice of all proceedings in the estate administration, including the section 21320 proceeding. (See former § 1220, subds. (a)(2)(B) & (b) and present § 1250.)

The majority argues that the notice requirements of sections 21322 and 1220 evidence a legislative intent that "fiduciaries be involved in litigation of [section 21320] applications" through the appeal stage. (Maj. opn., *ante*, at p. 1085.) The majority's assertion is contrary to this court's previous holding that the mere fact that a fiduciary receives notice of a proceeding does not give the fiduciary standing to litigate the matter at issue. (*Estate of Friedman* (1917) 176 Cal. 226, 228 [168 P. 21] [although executor must be named and served in proceeding to determine beneficiaries of estate, executor has no right to litigate for or against any beneficiary; "his name is inserted as a party solely for the purpose of giving him information of the proceeding"]; see also *Estate of Lynn, supra,* 109 Cal.App.2d at p. 473 [executor's right to notice of proceeding to determine interests of various beneficiaries in estate does not give executor standing to participate in or appeal such a determination; notice "is only for the purpose of keeping him informed"].)

More fundamentally, the majority is mistaken when it asserts: "The statutory scheme contains no limitation on the fiduciary's participation at the appeal stage or at any other point. If the Legislature had meant for any such limitation to exist, it presumably could have said so." (Maj. opn., *ante*, at p. 1085.) In Code of Civil Procedure section 902, the Legislature has in clear and unmistakable terms imposed limitations on a party's right to appeal. Under section 902, a party must be aggrieved to appeal. The fact of providing notice to a party can neither determine nor alter whether a party possesses an interest in the proceeding that makes it aggrieved by the court's order. For the reasons I have set forth above, the trustee has no interest in the competing claims of various beneficiaries to share in the trust and therefore cannot be aggrieved by the trial court's ruling as to whether a beneficiary's action is a contest; whether the trustee receives notice of the proceeding

cannot change the requirement that the trustee remain disinterested or make the trustee an aggrieved party.

Finally, even if the majority were correct that a fiduciary who has been given notice of the pendency of a trial court proceeding is aggrieved for purposes of standing to appeal, the provision for notice is simply irrelevant here. The trustee never made an appearance in the trial court or filed a request for special notice and thus had no right to notice of the section 21320 proceeding. The trustee did not oppose Montello's section 21320 application; only the special administrator of the estate opposed Montello's section 21320 application.[7] Because the trustee did not have a right to notice in this case and did not litigate in the trial court in opposition to Montello's application, the argument that a fiduciary with the right to notice is aggrieved for purposes of appeal is beside the point.

There is little force to the majority's remaining arguments. The majority attempts to analogize a trustee's appeal from a section 21320 order to the exception recognized in *In re Heydenfeldt* (1897) 117 Cal. 551 [49 P. 713], and *Estate of Kessler, supra,* 32 Cal.2d at pages 369-371, that permits appeals by fiduciaries from orders requiring the fiduciary to make interim payments out of the property they administer before the rights of all creditors and beneficiaries to that property have been fully determined. This analogy fails. It is based on a failure to distinguish between the section 21320 proceeding, which merely determines the effect of the beneficiary's proposed action on the interest that the beneficiary would otherwise possess under the terms of the instrument, and the substance of the underlying action proposed by the beneficiary (here, Montello's claim against Goulet's estate).

The orders that this court held to be appealable in *In re Heydenfeldt* and *Estate of Kessler* were orders that required the fiduciary to make interim payment out of property being administered by the fiduciary before a final accounting and final distribution of the property occurred. The order appealed in *In re Heydenfeldt, supra,* 117 Cal. at page 552, was an order

---

[7]Nor is it significant in this regard that the same person, Ferry, was both trustee of the Goulet trust and special administrator of Goulet's estate. This court has been quite careful to consistently observe the "basic distinctions" between a trustee of a trust and a personal representative of an estate. (*Estate of Beach* (1975) 15 Cal.3d 623, 637 [125 Cal.Rptr. 570, 542 P.2d 994].) Even when, as here, the same person was named both trustee and executor, this court has emphasized that that person's "powers and duties as executor were just as distinct from [his] powers and duties as trustee as if the will had named [someone else] as trustee." (*Id.* at pp. 637-638; accord, *Goad* v. *Montgomery* (1898) 119 Cal. 552, 561 [51 P. 681] ["The fact that the two offices are held successively by the same individuals does not give to them in the exercise of one office the power that had been conferred for the exercise of the other. Their rights and duties as executors were quite distinct from the duties imposed upon them as trustees . . . ."].)

directing the executors of an estate to make an interim payment to redeem certain land from a foreclosure sale; the order appealed from in *Estate of Kessler, supra,* 32 Cal.2d at page 368, was an order directing the executors of an estate to make an interim payment of attorney fees to the guardian ad litem of a beneficiary. *Estate of Kessler* also lists orders of partial distribution and orders for family allowances as other examples of interim payment orders that a fiduciary may appeal. (*Estate of Kessler, supra,* 32 Cal.2d at p. 368.) These orders, by requiring interim payments to particular claimants before the rights of all claimants have been determined, all present the potential for causing inequitable treatment to other claimants who are paid later. For example, an order directing interim payment in full of one creditor's claim would unfairly prefer that creditor if there were insufficient assets to pay all creditors in full; and a partial distribution order would unfairly prefer one beneficiary if there were insufficient funds to pay all devises in full.

By contrast, a section 21320 order is not an order that compels any payment, interim or final, by the trustee or any other fiduciary. The section 21320 order does not determine the merits of the beneficiary's proposed action, such as Montello's proposed creditor's claim; it only determines what effect the proposed action would have on the beneficiary's interest. Because a section 21320 order presents none of the dangers of the interim payment orders at issue in *In re Heydenfeldt, supra,* 117 Cal. at page 552, and *Estate of Kessler, supra,* 32 Cal.2d at page 368, the exception of those cases does not apply.

Nor does the particular nature of the beneficiary's proposed action in this case—a creditor's claim against an estate of which the trust is a devisee—cause the trustee to be aggrieved by the section 21320 determination. The section 21320 order does not create the creditor's claim against the estate, does not determine the merits of the claim, and is not a precondition to the beneficiary's bringing the claim against the estate. Here, for example, Montello possessed her creditor's claim against Goulet's estate before she brought the section 21320 proceeding and she could have filed her claim against the estate whether or not she brought the section 21320 proceeding. Nor does the section 21320 order modify the terms of the trust in any way. The section 21320 order only determines whether the beneficiary will share in the trust or will instead be barred from doing so by the no contest clause. Moreover, even if Montello brings her claim against the estate and prevails on it, she will have no right to insist on an interim payment of her claim. (Prob. Code, § 11422.)

The majority also asserts, without supporting authority, that the trustee has a duty at the trial court level to litigate adversarily a section 21320 application by a beneficiary, and that therefore it would be anomalous for the

trustee to litigate this issue at the trial court level and yet not be aggrieved for purposes of appeal. (Maj. opn., *ante*, at p. 1082.) In *Estate of Murphy*, *supra*, 145 Cal. at page 467, however, this court held, to the contrary, that the fiduciary there could neither " 'litigate' " in the trial court nor "maintain an appeal" on the issue of whether the beneficiary's action was a contest within the meaning of no contest clause. (See also *Estate of Hite* (1909) 155 Cal. 436, 456 [101 P. 443] [It is "the established doctrine in this state that an executor or administrator as such has no part to play in contests between heirs, devisees, or legatees disputing regarding the distribution of the estate."].) A trustee's strict fiduciary duty of impartiality forecloses any other result. (See *Estate of Murphy*, *supra*, 145 Cal. at p. 467.) Moreover, as I have previously noted, the trustee in this case did not litigate Montello's section 21320 application in the trial court and did not have a right to notice of Montello's application.

In any event, even if a trustee could properly litigate in the trial court the question of whether a beneficiary's proposed action amounts to a contest, it still would not follow that the trustee could be aggrieved by the court's answer. One hundred years ago, New York's highest court explained in *Bryant* v. *Thompson*, *supra*, 128 N.Y. at pages 432-435 [28 N.E. at pages 523-525], a case this court has previously relied upon for guidance in this area of the law (see *Estate of Ferrall*, *supra*, 33 Cal.2d at p. 204), why even in cases where a fiduciary has the right to request instruction from a trial court as to whether a beneficiary's action is a contest within the meaning of a no contest clause, the fiduciary is not aggrieved by and may not appeal the court's resulting order. At issue in *Bryant* was whether, under the no contest clause of a will, the decedent's daughter had contested the will and thereby forfeited her devise in favor of the decedent's widow. In the court's words:

"There were two parties who had a pecuniary interest in the decision of the question involved in the case,—the daughter, who is satisfied with the result, as it is in her favor, and the widow, who does not appeal. The judgment rendered in the court to which the [executors] resorted in the first instance is a perfect protection to them in the disposition of the fund in accordance therewith, and in the performance of every duty growing out of the legacy to the daughter under the provisions of the will. This being true, what interest have the [executors] in the further prosecution of the action? They had an interest, and it was their duty, to procure a judicial determination of the questions presented by the facts alleged, but no interest or duty in obtaining a decision according to some view of the law that they may have themselves entertained, or have been advised by counsel. . . .

"The [executors] are not seeking any benefit for themselves in the action. They have simply asked the judgment and advice of the court in regard to

the disposition of property belonging to others, which is in their care and keeping. The court has given the judgment and advice prayed for, and the real beneficiaries do not complain. . . . [T]he right [of appeal] is limited to a party aggrieved. In this case the executors and trustees under a will, having asked the court for directions in regard to their duty, and for a judgment as to which of two parties is entitled to a certain bequest, which directions and judgment are given and acquiesced in by both of the alleged claimants of the fund, the [executors] are not aggrieved, within the meaning of the statute, by the judgment rendered." (*Bryant* v. *Thompson, supra,* 128 N.Y. at pp. 433-435 [28 N.E. at pp. 524-525].)

Other courts too have recognized that the fact that a fiduciary may seek guidance from the court as to the rights of various beneficiaries under a written instrument does not give the fiduciary standing to bring an appeal after the court has provided the requested guidance. (*Dockray* v. *O'Leary, supra,* 286 Mass. at pp. 591-592 [190 N.E. at pp. 798-799] ["The executor having, in his official capacity, brought all interested parties before the probate court fulfilled his whole duty and had no further interest in the outcome of the suit except to abide by and carry out the instructions of the court in the distribution of the estate. [Citations.] . . . As executor he properly sought the instructions of the court. . . . [A]ll other parties in interest, since they filed no appeal, must be taken to be satisfied with the instructions given . . . ."]; *In re Reeves' Estate, supra,* 62 S.D. 618 [256 N.W. at p. 114] ["The trustee has no interest in the matter save to perform his duty, whatever it may be adjudicated to be. . . . All parties joined in asking the circuit court to direct the trustee whether to pay the money in question to the widow or to the son. The court gave the requested direction, and if the mother and son are satisfied the trustee will have to be, and he has no right to seek to litigate the matter further at the expense of the trust estate."]; *In re Maher's Estate, supra,* 195 Wash. at p. 132 [79 P.2d at p. 987] ["While it is [an administrator's] duty to assist the court before which the probate proceeding is pending, in ascertaining the persons who, in fact and in law, are justly entitled to receive the estate, when the court, after a proper hearing, has determined the matter and designated the persons who are entitled to receive the estate, as to that phase of the proceeding the interest of the administrator ceases."].) Thus, even if the majority were correct that a trustee could litigate against a beneficiary in a section 21320 proceeding in the trial court, that would not authorize the trustee to appeal from such a determination.

The majority also asserts that allowing trustees to appeal from section 21320 determinations concerning trust no contest clauses, despite creating an additional burden on our appellate courts, will minimize litigation overall

because, the majority assumes, such proceedings will involve creditor claims against estates of which the trust is a devisee "that, if pursued, would likely wind up being litigated." (Maj. opn., *ante*, at p. 1085.) This statement is completely without factual support in its assumption that a claim made by a beneficiary of a trust against an estate of which the trust is a devisee will generally be spurious and therefore will be rejected and litigated. The majority also offers no support for its assumption that proposed creditor claims by trust beneficiaries against estates of which the trusts are devisees form the bulk of section 21320 proceedings concerning trusts such that permitting appeals of section 21320 orders by trustees generally will be more than offset by a reduction in litigation between estates and creditors who are trust beneficiaries.

Finally, the Legislature has directed, both with respect to trusts generally and with respect to section 21320 proceedings specifically, that the common law governs except as it has been modified by statute. (Prob. Code, §§ 15002, 21301.) No statute has modified the common law on the question of whether a fiduciary is aggrieved by and may appeal from an order determining whether a beneficiary's action is a contest within the meaning of a no contest clause. *Estate of Murphy, supra,* 145 Cal. 464, is the common law of California on that question; its answer is that a fiduciary is not aggrieved by and may not appeal a determination as to whether a beneficiary's action is a contest, and the Legislature has directed us to adhere to that answer.

The Court of Appeal correctly applied the rule of *Estate of Murphy, supra,* 145 Cal. 464, and dismissed the trustee's appeal because the trustee was not aggrieved by the trial court's order under section 21320 determining that Montello's creditor's claim against Goulet's estate was not a contest. Accordingly, I would affirm the judgment of the Court of Appeal.

Mosk, J., concurred.